(C.D. 2723)

HENSEL, BRUCKMANN & LORBACHER, INC., a/c NAFTONE INTERNATIONAL CORP. ET AL. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided on rehearing [not published] June 29, 1966)

*Sharretts, Paley & Carter* (*Howard Clare Carter* and *M. Barry Levy* of counsel) for the plaintiffs.

*John W. Douglas*, Assistant Attorney General (*Morris Braverman*, trial attorney), for the defendant.

Before DONLON and RICHARDSON, Judges; DONLON, J., concurring

RICHARDSON, Judge: The merchandise covered by the instant protests, consolidated for trial, consists, among other things, of cameras, leather camera cases, and other camera accessories which were imported at New York from West Germany. Protest 63/448 covers 15 entries, and protests 63/8970 and 63/9414 each cover a single entry. The protests were filed against the collector's denial of the importer's request for relief under 19 U.S.C.A., section 1520(c)(1) (section 520(c)(1), Tariff Act of 1930), by means of the correction of a mistake of fact or clerical error in the entries. At the trial, plaintiffs abandoned protests 63/445, 63/446, and 63/447, and they have been dismissed.

It appears from the official papers before the court that entries 910407, 951080, 957673, and 986188 of protest 63/448 were liquidated on January 2, 1962, March 14, 1962, February 26, 1962, and April 24, 1962, respectively. The protest, however, was filed on December 22, 1961, that is, before liquidation of the aforementioned entries. Under these circumstances, protest 63/448 is premature as to said entries, and must, therefore, be dismissed as against these entries. Entry 494304 of protest 63/448 was liquidated on October 25, 1961, which date, of course, is prior to the filing of the protest. However, the papers on this entry before the court fail to disclose a request for *reliquidation*

pursuant to section 1520(c)(1). The only document in the entry file pertaining to the protest claim is a letter addressed to the collector from the importer's former attorney of record, dated September 1, 1961, which requests relief under section 1520(c)(1) in the *liquidation* of the entry. Inasmuch as section 1520(c)(1) only supports a claim for *reliquidation* as distinguished from *liquidation*, no relief can be granted under the protest as to this entry in the absence of a request for reliquidation seasonably made to the collector in conformity with the requirements of section 1520(c)(1). *Berkery, Inc., et al.* v. *United States*, 47 Cust. Ct. 102, C.D. 2287. Therefore, protest 63/448 must also be dismissed as to entry 494304.

With respect to the remaining entries under protest 63/448 and those under protests 63/8970 and 63/9414, the gist of the protest claim with respect to the aforementioned merchandise is that the entries "should have been reliquidated on the dutiable value based on the FOB unit values rather than the cost of production figures." The protest filing as to these entries was preceded by a timely request addressed to the collector to reliquidate the involved entries on the basis of export f.o.b. unit values. In all instances, the request was received, considered, and acted upon by the collector adverse to the importer.

During the trial, no evidence was introduced into the record concerning the propriety of the collector's action with respect to the singular claim advanced in the protests. Instead, the case was tried by the plaintiffs upon a different theory—one relating to only part of the merchandise embraced in the protests, namely, the cameras. Evidence was presented by the plaintiffs through testimony of the line examiner of merchandise covered by some of the involved entries (entry 818254 of protest 63/448; entry 945163 of protest 63/8970; entry 938055 of protest 63/9414), and a document in the form of a letter addressed to the appraiser of merchandise from the camera manufacturer (plaintiffs' exhibit 1) with a view toward proving, as counsel for the plaintiffs puts it in their brief (page 5), that "The error, mistake, or other inadvertence complained of arose when the importer added the home market profits to the cost of production . . . instead of adding the export profits." However, neither the evidence nor the claim it supports was presented to or acted upon by the collector in the interim between liquidation and the filing of the protests at bar. Moreover, the evidence adduced by the plaintiffs is in derogation of the claim they made in the protests before the court. The protests at bar proceed upon the theory that appraisement was returned upon the wrong basis of value as to the cameras, cases, and accessories, while the evidence supports the theory that appraisement was returned upon the proper basis of value as to the aforesaid items, but that the unit of value returned for the cameras was incorrect.

On this state of the record, the court is unable to find that the claim which the evidence supports was ever "brought to the attention of the customs service" within the meaning of section 1520(c)(1). Consequently, in passing upon the evidence before us, we would not be ruling upon the propriety of any action taken by the collector. And since there has been a total failure of proof concerning the protest claim against action taken by the collector, there is no basis upon which the court can grant any relief to the plaintiffs. The instant protests must, therefore, be overruled.

Judgment will be entered accordingly.

### CONCURRING OPINION

DONLON, Judge: Plaintiffs' proofs do not show that the alleged mistake of fact or clerical error which was brought to the collector's notice was either manifest from the record or established by documentary evidence. Protest against the collector's refusal to reliquidate, in those circumstances, must be overruled.

The trial of this case illustrates the difficulties and delays that are occasioned by inadequate pleadings. Had defense counsel objected, on trial, that the testimony elicited was irrelevant to the issue at bar, it seems reasonably certain that the objection would have been sustained.

I concur in the result.