**J. S. SAREUSSEN MARINE SUP-
PLIES, INC.**

v.

**UNITED STATES.**

**C.D. 3799; Protests No. 63/12119–
16795 etc.**

United States Customs Court,
First Division.
April 22, 1969.

Stein & Shostak, Los Angeles, Cal.
(Marjorie Shostak and S. Richard Shos-
tak, Los Angeles, Cal., of counsel), for
plaintiff.

William D. Ruckelshaus, Asst. Atty.
Gen. (Glenn E. Harris, New York City,
trial attorney), for defendant.

Before WATSON, MALETZ, and
RE, Judges.

WATSON, Judge:

The merchandise involved in these con-
solidated protests consists of paint im-
ported from Norway. It was classified
by the collector as a coal tar product
under paragraph 28(a) of the Tariff
Act of 1930 and assessed with duty at
the rate of 45 per centum ad valorem plus
7 cents per pound.

The paint was entered for consump-
tion on five separate occasions, Novem-
ber 10, 1959, February 25, 1960, April
26, 1960, August 3, 1960 and August
10, 1960, and the entries were liquidated
on February 28, 1963, March 28, 1963
and August 22, 1963.

Plaintiff has filed timely protests in
each instance claiming that the paint
was dutiable under paragraph 66 of the
Tariff Act of 1930, as modified by T.D.
54108, as "other paints, not specially
provided for" at the rate of 10½ per
centum ad valorem, or alternatively as
a coal tar product under paragraph 27
(a) (4) (5) of the Tariff Act of 1930,
as modified by T.D. 52739 and T.D.
52820 at the rate of 25 per centum ad
valorem and 3½ cents per pound.

At the trial plaintiff amended the pro-
tests to claim a denial of relief under

section 520(c) (1) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1953, by reason of the refusal of the collector to *reliquidate* the entries based on the plaintiff's "mistake of fact" as to the composition of the imported paints.

Section 520(c) (1) of the Tariff Act of 1930 (19 U.S.C. § 1520(c) (1)), as amended, reads as follows:

Sec. 1520 Refunds and errors

  *    *    *    *    *    *

(c) Notwithstanding a valid protest was not filed, the Secretary of the Treasury may authorize a collector to reliquidate an entry to correct—

(1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, appraisement, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the customs service within one year after the date of entry, appraisement, or transaction, or within sixty days after liquidation or exaction when the liquidation or exaction is made more than ten months after the date of the entry, appraisement, or transaction;  *  *  *

■ In view of the language of the provision in question it is clear that in order for a plaintiff to bring himself within the purview of this section (520 (c) (1), *supra*) he must file a timely request for a reliquidation. Plaintiff herein contends that such a request was made in its letter to the collector (plaintiff's exhibit 3) dated April 11, 1961.

In Berkery, Inc., et al. v. United States, 47 Cust.Ct. 102, C.D. 2287 (1961), this court held that the denial of an importer's request for correction of a clerical error under section 520, *supra*, "prior to liquidation" did not afford the importer the same right of access to the court as a request made after liquidation.

Judge Johnson, concurring in the opinion of the court, stated (47 Cust.Ct. at p. 107):

In the instant case, the protest has not been filed against the Secretary's or the collector's refusal to reliquidate the entry to correct a clerical error, mistake of fact, or inadvertence  *  *, but against the original liquidation based on an appraisement claimed to be inadvertent. This situation is not covered by the statute. Had the statute provided that the Secretary of the Treasury may authorize the collector to *liquidate* or *reliquidate* an entry to. correct a clerical error, mistake of fact, or inadvertence in any entry, liquidation, appraisement, or other customs transaction, the circumstances of this case would be covered. The court however, is bound by the specific wording of the statute and may not add to it or take from it when the language employed is unambiguous, conveys a definite meaning, and involves no absurdity.  *  *  *

More recently, in Hensel, Bruckmann and Lorbacher, Inc., a/c Naftone International Corp. et al. v. United States, 57 Cust.Ct. 52, C.D. 2723 (1966), it was held that "Inasmuch as section 1520(c) (1) only supports a claim for *reliquidation* as distinguished from *liquidation,* no relief can be granted under the protest as to this entry in the absence of a request for reliquidation seasonably made to the collector in conformity with section 1520(c) (1)."

In that case, a letter was addressed to the collector on September 1, 1961 requesting relief under section 1520(c) (1) to correct a clerical error. The request was denied and the entry was liquidated on October 25, 1961. The letter was thus found not to be a request for *reliquidation,* as no liquidation had in fact been made.

■■ The facts in the case at bar closely resemble those in the above mentioned *Hensel* case. Plaintiff's request for reliquidation was made on April 11, 1961. The entries were not liquidated

until February, March and August of 1963. Clearly then, plaintiff has not made a proper request for reliquidation as is contemplated in the statute. Moreover, there is no evidence of any request made by plaintiff subsequent to the liquidation which would fulfill the requirements of the statute.

As to plaintiff's claims for relief under paragraph 66 or 27(a) (4) (5) of the Tariff Act of 1930, as modified, the absence of any evidence offered by plaintiff in relation to these issues is deemed to be an abandonment of these claims.

The instant protests are dismissed.

Judgment will be entered accordingly.

MALETZ and RE, JJ., concur.