**MADDEN MACHINE COMPANY, INC., Appellant,**

v.

**The UNITED STATES, Appellee.**
**Customs Appeal No. 74–14.**

United States Court of Customs and Patent Appeals.
June 27, 1974.

Dean Holbrook, New York City (Boyd & Holbrook), New York City, attorneys of record, for appellant.

Irving Jaffe, Acting Asst. Atty. Gen., Andrew P. Vance, Chief Customs Section, Max F. Schutzman, New York City, for the United States.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

MILLER, Judge.

This appeal is from an order of the Customs Court (motion for rehearing denied), dismissing appellant's action for lack of jurisdiction.[1] We reverse and remand.

Appellant's action is based on denial of its protest against the denial of its request for reliquidation under section 520 (c)(1) of the Tariff Act of 1930 (19 U.S.C. 1520(c)(1)), as amended, with respect to the entry in 1966 of a paper making machine and/or parts therefor imported from Finland. The entry was appraised, and notice thereof sent to appellant on January 19, 1970. Liquidation was effected on March 27, 1970. The parties are in disagreement over the date reliquidation was requested, with appellee apparently claiming November 20, 1970, and appellant alleging several dates, the first being May 28, 1970 ("at a meeting with the District Director at Houston") and all "within one year after the appraisement on January 19, 1970." On January 22, 1971, the request for reliquidation was denied. The protest was filed on March 22, 1971, and was denied by operation of law on August 5, 1971.[2] The summons commencing this action was filed on October 22, 1971.

Jurisdiction of the Customs Court is provided by 28 U.S.C. § 1582, as amended June 2, 1970, by Public Law 91–271 (84 Stat. 274).[3] The part thereof which is pertinent to this appeal reads as follows:

(c) The Customs Court shall not have jurisdiction of an action unless . . . a protest has been filed, as prescribed by section 514 of the Tariff Act of 1930, as amended, and denied in accordance with the provisions of section 515 of the Tariff Act of 1930, as amended . . . . .

Section 514 of the Tariff Act of 1930 (19 U.S.C. 1514)[4] provides:

---

1. Appellant also seeks to appeal from the order denying its motion for rehearing and from an order denying its motion for leave to file a supplemental memorandum. No claim of error or abuse of discretion is cited by appellant in its Statement of Errors with respect to these orders. Accordingly, our review will be limited to the order of dismissal.

2. On July 6, 1971, appellant filed a request for accelerated disposition of its protest. No action having been taken on the protest within thirty days, it was deemed denied under the provisions of 19 U.S.C. § 1515, as amended.

3. With certain exceptions not applicable to appellant's action, the amendment of June 2, 1970, to 28 U.S.C. § 1582 was made effec-

tive October 1, 1970, by section 122 of P.L. 91–271.

4. This does not include the amendment by P.L. 91–271, section 203 of which made such amendment effective with respect to articles entered prior to October 1, 1970, *only* where the appraisement of such articles had not become final before October 1, 1970, and for which an appeal for reappraisement had not been timely filed before October 1, 1970, or with respect to which a protest had not been disallowed before October 1, 1970. Appellant did not file an appeal for reappraisement, and the appraisement became final before October 1, 1970, under 19 U.S.C. § 1501. The words "as amended" in 28 U.S.C. § 1582(c) appear to be merely pro forma; however, they would

. . . all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character . . ., and his liquidation or reliquidation of any entry, . . . or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation . . . when such liquidation . . . is made more than ten months after the date of entry, shall, upon the expiration of sixty days after the date of such liquidation, . . . decision, or refusal, be final and conclusive upon all persons . . unless the importer, consignee, or agent of the person paying such charge or exaction . . . shall, within sixty days after, but not before such liquidation, . . . decision, or refusal, . . . file a protest in writing with the collector . . . .

In its order denying rehearing, we note the Customs Court stated that appellant's administrative protest under section 520(c)(1) against the denial of its request for reliquidation pursuant to section 514 "should have been made within sixty days, i. e., by May 26, 1970," but was not made until May 28, 1970—two days too late to enable the court to take jurisdiction. This statement is confusing inasmuch as the protest was filed March 22, 1971, under section 514 against denial on January 22, 1971, of appellant's request under section 520(c)(1) for reliquidation. What was made by appellant on May 28, 1970 (earliest alleged date) was a request for reliquidation.[5]

Appellant maintains that it filed a timely request for reliquidation under section 520(c)(1), the same having been filed within one year after the date of appraisement; that the District Director's refusal to reliquidate was a protestable "decision" under section 514; and that it filed a timely protest against the District Director's refusal to reliquidate.

Section 520(c)(1), as amended,[6] provides:

(c) Notwithstanding a valid protest was not filed, the Secretary of the Treasury may authorize a collector to reliquidate an entry to correct—

(1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence in any entry, liquidation, appraisement, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the customs service within one year after the date of entry, appraisement, or transaction, or within sixty days after liquidation or exaction when the liquidation or exaction is made more than ten months after the date of the entry, appraisement, or transaction . . . .

Appellee's position is that under 28 U.S.C. § 1582(c) jurisdiction of the Customs Court could only be effected by the filing of a *proper* protest under section 514; that appellant's protest against denial of its request for reliquidation was not a proper protest because such denial was not a protestable decision

---

be technically satisfied by abolition of the Office of Collector of Customs by Reorganization Plan No. 1, effective May 25, 1965 (30 F.R. 7035, 79 Stat. 1317), which was implemented pursuant to the Reorganization Act of 1949 (P.L. 109, 63 Stat. 203).

5. This is apparently what the Customs Court had in mind, and such a request would have been two days too late for purposes of "re-

fusal to reliquidate any entry for a clerical error discovered . . . within sixty days after liquidation" under section 514. We interpret "discovered" to mean "brought to the attention of the customs service," as provided in section 520(c)(1), or "discovered by the customs service." Any other interpretation would be administratively unfeasible.

6. See footnote 4, supra.

within the ambit of section 514. It emphasizes the following language (contained in our earlier quotation) from section 514 (emphasis supplied):

. . . the collector['s] . . . refusal to reliquidate any entry *for a clerical error discovered* within one year after the date of entry, or *within sixty days after liquidation* . . . when such liquidation . . . is made more than ten months after the date of entry . . . .

Appellee points out that appellant's request for reliquidation was not filed until May 28, 1970 (at the earliest), and thus "discovery" of the clerical error was not within sixty days after the liquidation on March 27, 1970. It contends that the intention of Congress in specifically providing in section 514 for protest against a collector's [District Director's] refusal to reliquidate must have been to exclude from protest refusals to reliquidate *not* covered by the specific provision; that the interpretation advanced by appellant would render superfluous the specific language covering clerical error discovered in connection with a collector's [District Director's] refusal to reliquidate.

■ Without more there would be merit to this contention. But see Gray v. Powell, 314 U.S. 402, 416, 62 S.Ct. 326, 86 L.Ed. 301 (1941). However, there is more. First, there is the all-encompassing wording of section 514 with respect to "decisions," namely:

. . . all decisions of the collector . . . shall, upon the expiration of sixty days after the date of such . . . decision . . . be final and conclusive . . . unless the importer, [etc.] . . . shall, within sixty days after . . . such . . . decision . . . file a protest in writing with the collector . . . .

Second, the legislative intent, contended for by appellee, to exclude refusals to reliquidate from protest if they did not come within the specific provision, would mean that such decisions would never become final—an absurd result which is not to be attributed to the Congress. See United States v. Ryan, 284 U.S. 167, 175, 52 S.Ct. 65, 76 L.Ed. 224 (1931). Finally, it is to be noted that the 1970 amendment to section 514 lists among protestable decisions "the refusal to reliquidate and entry under section 520(c) . . . ." and that both the House and Senate committee reports commented: "The revised presentation of categories is without substantive effect."[7]

■ Accordingly, we hold that the District Director's refusal on January 22, 1971, to reliquidate under section 520(c)(1) was a protestable decision for purposes of section 514 and that the Customs Court has jurisdiction of this action.[8]

In view of the foregoing, the order of the Customs Court dismissing appellant's action for lack of jurisdiction is *reversed,* and the case is *remanded* for further proceedings not inconsistent herewith.

7. S.Rep.No.91–576, 91st Cong., 1st Sess. 26 (1969); H.R.Rep.No.91–1067, 91st Cong., 2d Sess. 26 (1970). See also United States v. Miles, C.A.D. 967, 416 F.2d 973, 57 CCPA 1, 5 (1969).

8. We express no opinion on the timeliness of appellant's request for reliquidation under section 520(c)(1) inasmuch as this goes to the merits of the District Director's refusal to reliquidate.