(C.D. 4696)

WALKER ENTERPRISES, LTD. *v.* UNITED STATES

Court No. 74–11–03229

(Dated May 12, 1977)

*Barnes, Richardson & Colburn (Joseph Schwartz* of counsel) for the plaintiff.
*Barbara Allen Babcock,* Assistant Attorney General (*Steven P. Florsheim,* trial attorney), for the defendant.

RICHARDSON, Judge: In this action defendant moves pursuant to Rule 4.7 for an order dismissing the action on the ground that the court lacks jurisdiction of the subject matter. Defendant contends that the two entries [1] involved herein, bearing numbers 73–102752 and 73–175330, were liquidated on June 29, 1973, that protest bearing number 0712–3–000427 (hereinafter referred to as the 427 protest) was filed by plaintiff against these liquidations on September 26, 1973, that the 427 protest was denied on November 30, 1973, and that this action was instituted by plaintiff on November 25, 1974, or more than 180 days after denial of the 427 protest contrary to the requirements of 28 U.S.C.A., section 2631(a) which mandates commencement of an action in this court within 180 days of the denial of a protest.

Plaintiff opposes the motion, contending that the action was commenced within 180 days of the denial of protest bearing number 0712–4–000043 (hereinafter referred to as the 043 protest) which was filed on January 28, 1974, against the same entries, and denied on May 29, 1974. Plaintiff maintains that the 043 protest is directed against the district director's refusal to reliquidate the subject entries in accordance with 19 U.S.C.A., section 1520(c)(1), and that it is the only protest which is the subject of this action.

The official papers under entry numbered 73–102752 disclose that the visors were entered under TSUS item 774.60 at the duty rate of 8.5 *per centum ad valorem* and were classified in liquidation under item 772.30 at the duty rate of 12.5 *per centum ad valorem*. And the official papers under entry numbered 73–175330 indicate that the visors were entered and classified in liquidation under item 772.30 at the duty rate of 12.5 *per centum ad valorem*. In the 427 protest, a copy of which is annexed to the moving papers, plaintiff sought classification of the visors covered by both entries under item 774.60. The 427 protest is also referred to in an Application for Further Review contained among the official papers in entry numbered 73–102752 as follows:

"... These entries were initially protested under Protest #0712–3–001427 [sic] dated 9/26/73, denied 11/30/73. In accordance with CR 174.24(a) we request further review of this protest."

The applicable statute, 19 U.S.C.A., section 1514(b)(1), authorizes the filing of only one protest as to each entry of merchandise where, as in this case, a single category of merchandise is covered by each entry. And this statute also authorizes the amendment of a protest at the administrative level to include, among other things, a timely

---

[1] Each entry covers a single category of merchandise, namely, plastic visors for snowmobile helmets.

section 1520 claim which subsequently accrues in favor of the protestant.

Notwithstanding the statutory single protest limitation plaintiff endeavors to draw support for its filing of the 043 protest by asserting in its opposition papers that "[t]hat protest was filed against the failure to reliquidate the entries under Section 520, and was filed within 90 days after the December 26, 1973 ruling by the U.S. Customs Service which is in the Court files." However, in its complaint plaintiff alleges in paragraph 12 thereof that "[t]he error, mistake or inadvertence was brought to the attention of the Customs Service within 90 days after the date of liquidation."

The record reveals that the only notice of error which was brought to the attention of the Customs Service within the 90-day period *following* liquidation of the involved entries on June 29, 1973, was the 427 protest itself which was filed on September 26, 1973. And this protest is not the notice of error contemplated by section 1520.[2] The statute, 19 U.S.C.A., section 1520(c)(1), contemplates a formal request for reliquidation of an entry on the ground of clerical error, mistake of fact or other inadvertence not amounting to an error in the construction of a law, followed by a refusal on the part of the district director to accede to such request. See *J. S. Sareussen Marine Supplies, Inc.* v. *United States*, 62 Cust. Ct. 449, 451, C.D. 3799, 304 F. Supp. 1185, 1186 (1969).

The so-called Customs Service ruling of December 26, 1973, does not qualify as a basis for a section 1520 claim in favor of plaintiff. The document in question does not come within the parameters of paragraph 12 of the complaint inasmuch as it is a letter which responds to a *letter of inquiry dated June 19, 1973*, which, of course, is prior to the liquidations of June 29, 1973. Moreover, the Customs Service letter of December 26, 1973, is not a *ruling*, and is not connected to any *entry of merchandise*. The letter merely purports to answer a customs broker's letter of inquiry regarding the tariff status of a wide-angle flip-on plastic visor for a snowmobile helmet.

Under the circumstances revealed in the record the court agrees with defendant that the only effective protest taken against the involved entries is the 427 protest. And it was never amended as authorized by section 1514(b)(1) to include any subsequently accruing section 1520 claim. The 043 protest is clearly a nullity, and as such, the instant action cannot be maintained inasmuch as it is not supported by any valid protest conferring jurisdiction of the subject matter upon the court.

---

[2] The 427 protest constitutes at best a notice to the Customs Service of error in the construction of a law, and as such, is wholly outside of the purview of section 1520. See *Fibrous Glass Products, Inc.* v. *United States*, 63 Cust. Ct. 62, C.D. 3874 (1969), *appeal dismissed*, 57 CCPA 141 (1970).

Defendant's motion to dismiss is granted, and the action is dismissed. An order will be entered herein accordingly.