**FEUDOR, INC.**

**v.**

**UNITED STATES.**

**C.R.D. 77–13;  Court No. 75–5–01345.**

United States Customs Court.

Dec. 7, 1977.

Freeman, Meade, Wasserman & Schneider, New York City (Bernard J. Babb, Washington, D. C., of counsel), for plaintiff.

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C. (Mark K. Neville Jr., Washington, D. C., Trial Atty.), for defendant.

## MEMORANDUM OPINION ACCOMPANYING ORDER

BOE, Judge:

The defendant has moved, pursuant to rule 4.7(b)(2), to dismiss this action for lack of subject matter jurisdiction. The merchandise involved consists of disposable butane lighters which were imported between September, 1972 and January, 1973. The various entries were liquidated between November, 1972 and February, 1973.[1] On July 2 and 15, 1974, the plaintiff filed written application for reliquidation of the instant entries pursuant to section 520(c)(1) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1520(c)(1). Reliquidation was refused on July 25, 1974. The plaintiff filed a protest from this refusal on October 22, 1974, which protest was denied on November 29, 1974. The plaintiff thereafter filed a summons commencing this action.

The jurisdiction of this court is set forth in section 1582 of title 28, United States Code, which provides in pertinent part:

§ 1582. Jurisdiction of the Customs Court.

(a) The Customs Court shall have exclusive jurisdiction of civil actions instituted by any person whose protest pursuant to the Tariff Act of 1930, as amended, has been denied, in whole or in part, by the appropriate customs officer, where the administrative decision, including the legality of all orders and findings entering into the same, involves: * * * (7) the refusal to reliquidate an entry under section 520(c) of the Tariff Act of 1930, as amended.

\* \* \* \* \* \*

(c) The Customs Court shall not have jurisdiction of an action unless (1) * * a protest has been filed, as prescribed by section 514 of the Tariff Act of 1930, as amended, and denied in accordance with the provisions of section 515 of the Tariff Act of 1930, as amended, * * * and (2) all liquidated duties, charges or exactions have been paid at the time the action is filed.

1. On or about July 1, 1970, prior to the importations involved herein, the plaintiff applied to the Commissioner of Customs for a valuation ruling to establish the proper basis of appraisement for the type of butane lighters involved in this case. Customs officials at the Port of New York and at the Bureau of Customs in Washington, D.C., agreed to withhold appraisement of such butane lighters until the valuation ruling was issued. On August 16, 1973, subsequent to the instant liquidations, the Bureau of Customs issued its valuation ruling, and instructed the area director of customs for the New York Seaport to appraise and liquidate all entries of the butane lighters consistent therewith.

The protest in this case was filed within the 90-day limit contained in section 514 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1514(b)(2)(B), having been filed on October 22, 1974, or 89 days after the appropriate customs officer refused to reliquidate the entries on July 25, 1974. The protest was denied on November 29, 1974, in accordance with section 515 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1515(a). Subsequently, the plaintiff filed a summons in this court on May 23, 1975, within 180 days of the denial of the protest as is required by 28 U.S.C. § 2631(a)(1). All liquidated duties have been paid. In sum, the plaintiff has complied with all the prerequisites contained in the *jurisdictional* statutes of this court.

The defendant contends, however, that the plaintiff failed to comply with the reliquidation provisions of section 520(c)(1) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1520(c)(1), and, therefore, that its protest was a nullity. Section 1520(c)(1) provides:

(c) Notwithstanding a valid protest was not filed, the appropriate customs officer may, in accordance with regulations prescribed by the Secretary, reliquidate an entry to correct—

(1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence *is brought to the attention of the customs service* within one year after the date of entry, or transaction, or

within ninety days after liquidation or exaction when the liquidation or exaction is made more than nine months after the date of the entry, or transaction. [Emphasis added.]

The defendant argues that the plaintiff failed to file its application for reliquidation in a timely manner as provided by section 1520(c)(1), and, therefore, its subsequent protest had no legal effect.[2]

■ It is unnecessary at this juncture for this court to determine whether an "error, mistake, or inadvertence [was] brought to the attention of the customs service" within the time period prescribed by section 520(c)(1) of the Tariff Act of 1930. That question concerns the propriety of the refusal of the appropriate customs official to reliquidate the entries involved herein. Such an inquiry goes to the merits of this case, an inappropriate subject for resolution on a motion to dismiss for lack of jurisdiction. See *Madden Machine Co. v. United States*, C.A.D. 1130, 499 F.2d 1294, 61 CCPA 97 (1974).

■ All that need concern the court at this point is the fact that reliquidation was refused. Under 19 U.S.C. § 1514(a)(7), this refusal, for *whatever* reason, was protestable. *Madden Machine Co. v. United States, supra*. As previously noted, in view of the fact that the instant protest was properly filed and denied, that a timely summons was filed, and that all liquidated duties have been paid, this court unquestionably has jurisdiction over the subject matter of this action. *Madden, supra.*

The defendant urges, however, that should this court determine that the re-

---

2. The defendant's argument is based upon the assumption that only by filing a written application for reliquidation within the section 1520(c)(1) time limits could the plaintiff have a meritorious claim. Thus, since the plaintiff's written applications were not filed until July of 1974, well over one year after both the entry and liquidation of the subject merchandise, under the defendant's theory, the plaintiff's claim must fail. The plaintiff's complaint herein proceeds, however, upon a different theory. Though a written application for reliquidation is the normal course, the plaintiff argues that in the present case, the August 16, 1973 valuation ruling by the Bureau of Customs, directing liquidation according to its terms, "brought to the attention of the customs service" an "error, mistake, or inadvertence" in the prior liquidations. Since this ruling occurred less than one year after entry of the merchandise, the plaintiff contends that section 1520(c)(1) has been satisfied. Because of the court's determination of this motion, it is unnecessary to resolve the merits of these respective contentions.

quirements of section 1520(c)(1) relate to the merits of this case, it will be impossible for the defendant to obtain a speedy resolution of such alleged jurisdictional claims without the need to file an answer. The answers to this argument are apparent.

First, as the decision of our appellate court in the *Madden* case makes clear, the propriety of the refusal of the customs service to reliquidate does not raise the issue of the jurisdiction of this court. Rather, the propriety of the refusal is the very gravamen of this action.

Second, the defendant's suggestion that it must always file an answer to resolve issues such as that present herein is patently erroneous. Rule 4.7(b)(4) of the rules of this court provides for the interposition of a motion to dismiss for failure to state a claim upon which relief may be granted, which, pursuant to the rule, may be made before an answer is filed. It will be noted that the defendant implicitly recognizes the propriety of the motion to dismiss for failure to state a claim upon which relief can be granted in this case by stating in the last paragraph of its reply brief in the instant motion:

> In conclusion, it must be noted that plaintiff *has not validly stated a claim upon which relief might be granted*, even if it be assumed for argument's sake that plaintiff is properly before the Court. [Emphasis added.]

The defendant, however, has not chosen to predicate its motion to dismiss upon this ground as an alternative to its jurisdictional argument.

For the court to now treat the present motion to dismiss for lack of jurisdiction as an alternative motion alleging the failure to state a claim upon which relief can be granted would be manifestly unfair to the plaintiff. In its brief opposing the defendant's present motion, the plaintiff has directed its attention solely to the jurisdictional contentions advanced by the defendant. The plaintiff's complaint raises an issue of statutory interpretation which is arguable, and certainly not frivolous. *See* Footnote # 2, *ante.* To presently treat the

instant motion to dismiss for lack of jurisdiction as one for failure to state a claim upon which relief may be granted would deny to the plaintiff its rightful opportunity to present argument in favor of its interpretation of section 1520(c)(1), 19 U.S.C. This the court will not do.

Therefore, the defendant's motion to dismiss for lack of jurisdiction is denied without prejudice with the right reserved the defendant to file any other appropriate motion or an answer including therein such affirmative defenses.

Let an order be entered accordingly.