(C.R.D. 80–5)

PPG INDUSTRIES, INC., PLAINTIFF, *v.* UNITED STATES, DEFENDANT

Consolidated Court No. 77–10–04458

(Dated May 23, 1980)

*Eugene L. Stewart* for the plaintiff.

*Alice Daniel,* Assistant Attorney General (*Joseph I. Liebman,* Attorney in Charge, Field Office for Customs Litigation; *James A. Resti,* trial attorney), for the defendant.

BOE, Judge: In the above-entitled consolidated action, the merchandise in question consisting of bipolar diaphragm electrolyzers and parts were entered at the ports of entry at Houston and Galveston, Tex., Philadelphia, Pa., and New Orleans, La., between 1969 and 1973. The plaintiff claiming the merchandise in question through error and mistake was not classified as experimental and, accordingly free from duty, has brought the within action pursuant to sections 1514(a)(7) and 1520(c)(1) and 28 U.S.C. section 1582(a). 19 U.S.C section 1520(c)(1) provides as follows:

> (c) *Reliquidation of entry.*—Notwithstanding a valid protest was not filed, the appropriate customs officer may, in accordance with regulations prescribed by the Secretary, reliquidate an entry to correct—
>> (1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law,

adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other Customs transaction, when the error, mistake, or inadvertence is brought to the attention of the Customs Service within 1 year after the date of entry, or transaction, or within 90 days after liquidation or exaction when the liquidation or exaction is made more than 9 months after the date of the entry, or transaction; * * *.

To the action commenced by the plaintiff, the defendant has filed a motion to dismiss for lack of jurisdiction premised on the fact that "requests for reliquidation were not filed within the time period provided for in 19 U.S.C. section 1520(c)(1)."

By order of this court under date of March 21, 1980, a date for oral argument of defendant's motion to dismiss was fixed and determined and at which time the court requested that appropriate evidence be presented by the respective parties as to the following:

(a) the nature of and the manner by which any alleged clerical error, mistake of fact or other inadvertence, not amounting to any error in the construction of a law, in connection with the liquidation of the merchandise in the above-entitled action was brought to the attention of the Customs Service, together with the date and/or dates thereof, and

(b) the nature and contents of all responses made by the Customs Service relating to the alleged errors, mistakes of fact or inadvertence which may have been brought to their attention together with the date and/or dates thereof.

At the time of oral argument plaintiff submitted an offer of proof and/or a compilation of evidentiary facts together with certain exhibits annexed thereto. In view of the uncertainty expressed by plaintiff's counsel with respect to the intended purport of this court's order requesting an evidentiary hearing, the parties were advised by the court upon completion of argument that after examination of the offer of proof and/or compilation of facts submitted by the plaintiff and the defendant's response to be submitted in connection therewith, a date for an evidentiary hearing subsequently would be determined.

After full consideration of the arguments, the offer of proof and/or compilation of evidentiary facts submitted by the plaintiff, as well as other memoranda submitted by respective counsel, the court is satisfied that the timeliness as to when any error, mistake or inadvertence may have been brought to the attention of the Customs Service is in dispute, and that a preliminary evidentiary hearing will not serve to permit an orderly and complete presentation of the facts required to be determined under the provisions of 19 U.S.C. section 1520(c)(1). From the offer of proof and/or the compilation of facts submitted by the plaintiff at the time of oral argument, as well as from the references made by counsel during argument with respect to the

administrative history [1] relating to many of the entries involved in the within action, it appears that the evidence to be adduced with respect to the compliance with the prerequisites provided in 19 U.S.C. section 1520(c)(1) are inextricably intermeshed with the evidentiary facts relating to the merits of the action. To proceed at this juncture with a preliminary evidentiary hearing predictably will result in a fragmented, piecemeal adjudication of the within action which would prove prejudicial to both the plaintiff and the defendant. Accordingly, the court in its sound discretion deems it proper and in the interest of justice to defer its determination of defendant's motion to dismiss until such time as more rull and complete evidence can be submitted through regular trial procedure.

In deferring a determination of defendant's motion until a trial on the merits of the within action, the court is not unmindful of the case of *United States* v. *Boe*, 64 CCPA 11, 15, C.A.D. 1177, 543 F. 2d 141 (1976) nor of the case of *Hambro Automotive Corp.* v. *United States*, C.A.D. 1231, 603 F. 2d 850 (1979). In the former case an attempt of the trial court to retain jurisdiction over the cause of action by the denial of the Government's motion to dismiss for lack of jurisdiction was held to be unwarranted in view of the patent and undisputed premature filing of a protest prior to liquidation. In *Hambro* the record before the trial court was deemed sufficient to justify its affirmative determination of the Government's motion to dismiss for lack of jurisdiction. The refusal of the trial court to receive testimony as to the nature of the alleged mistake was deemed not to be an abuse of discretion.[2] In view of the fact that the nature of the mistake provided for in 19 U.S.C. section 1520(c)(1) could be clearly ascertained from the record and pleadings before the court, the dismissal of the action by the trial court was deemed appropriate.

It is well settled, as urged by the defendant, that, when challenged, it is the burden of the plaintiff to establish the jurisdiction of the court. *Gibbs* v. *Buck*, 307 U.S. 66 (1939). As stated in *Gibbs* v. *Buck*, however, "As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court." Id. at 71–72.

Thus, in the case of *Land* v. *Dollar*, 330 U.S. 731 (1947), the U.S. Supreme Court stated:

> (A)lthough as a general rule the district court would have authority to consider questions of jurisdiction on the basis of

[1] For example, evidence relating to certain penalty proceedings to which the entries in the within consolidated action were originally involved may be material herein.

[2] No discussion is contained in the *Hambro* case as to the matter of timeliness provided for in 19 U.S.C. 1520(c)(1) nor reference made to its prior decision of *Madden Machine Co.* v. *United States*, 61 CCPA 97, C.A.D. 1130, 499 F. 2d 1294 (1974), wherein the affirmative assertion was made that timeliness of a request to reliquidate under sec. 1520(c)(1) goes to the merits of the district director's refusal to reliquidate.

affidavits as well as the pleadings, this is the type of case where the question of jurisdiction is dependent on decision of the merits. (Id. at 735.)

The Court continued:

> We only hold that the district court has jurisdiction to determine its jurisdiction by proceeding to a decision on the merits. (Id. at 739.)

It is manifest, therefore, that when it appears that the question of jurisdiction is intermeshed with facts also relating to the merits of an action, judicial discretion is called for in the exercise of its timely determination of a challenged jurisdiction. In the case of *Zunamon* v. *Brown*, 418 F. 2d 883 (8th Cir. 1969), the U.S. Court of Appeals for the Eighth Circuit concisely places this judicial obligation in perspective:

> There is no one single solution to the question here presented. The scope of the pretrial jurisdictional inquiry must of necessity turn upon the specific pleadings and facts involved in each particular case. Yet in resolving the question of the appropriateness of jurisdiction as measured by the legal certainty of plaintiff's claim, all doubts should be resolved by the district court in favor of allowing a plenary trial rather than a peremptory trial under the guise of an evidentiary jurisdictional hearing. (Id. at 886.)

A similar expression of the general rule is found in the case of *McBeath* v. *Inter-American Citizens for Decency Committee*, 374 F. 2d 359 (5th Cir. 1967):

> Undoubtedly, under rule 12(d) of the Federal Rules of Civil Procedure a court may determine the prerequisites to jurisdiction in advance of a trial on the merits. However, where the factual and jurisdictional issues are completely intermeshed jurisdictional issues should be referred to the merits, for it is impossible to decide the one without the other. [Cases cited.] (Id. at 362–63.)

The defendant's motion challenging the lack of jurisdiction of this court over the subject matter of the within action properly cannot be determined from the pleadings nor the record presently before this court. On the contrary, the offer of proof and/or compilation of evidentiary facts submitted by the plaintiff at the time of oral argument serve to indicate to the court that the evidentiary facts necessary to controvert the jurisdiction challenged by the defendant concurrently are necessary in the submission and ultimate determination of the within action on the merits.

This court indicates no opinion as to the sufficiency of the evidence which may be ultimately submitted by the plaintiff. Suffice it to say, that in the within proceeding this court would deem it an abuse of discretion and prejudicial to the plaintiff to require at this juncture what has been aptly termed a preemptory trial as to the subject matter of jurisdiction challenged by the defendant.

Accordingly, the determination of defendant's motion to dismiss the within action for lack of jurisdiction of the subject matter will be deferred until the trial of the within action on the merits.

Pursuant to rule 4.7(a)(5) of this court, the defendant is granted a period of 30 days from and after the entry of this memorandum opinion to interpose an answer to plaintiff's complaint.