PPG Industries, Inc., plaintiff *v.* The United States, defendant

Before Boe, *Judge.*

Consolidated Court No. 77-10-04458

(Decided October 5, 1982)

*Eugene L. Stewart,* for the plaintiff.

*J. Paul McGrath,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, *Jerry P. Wiskin,* for the defendant.

BOE, *Judge:* In the above-entitled consolidated action the plaintiff contests the refusal of the Customs Service to reliquidate the merchandise in issue consisting of bipolar diaphragm electrolyzers and miscellaneous parts therefor used in the production of chlorine. The subject merchandise was entered during a period from 1969 to 1973 at the ports of Houston and Corpus Christi, Texas; New Orleans, Louisiana, and Philadelphia, Pennsylvania.

At the time of entry the various imported articles were claimed by plaintiff and its agents to be classified under items of the tariff schedules bearing a rate of duty.[1]

In the instant action the plaintiff invokes 19 U.S.C. § 1520(c)(1) which provided:

> (c) Reliquidation of entry
> Notwithstanding a valid protest was not filed, the appropriate customs officer may, in accordance with regulations prescribed by the Secretary, reliquidate an entry to correct—
>> (1) A clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the customs service within one year after the date of entry, or transaction, or within ninety days after liquidation or exaction when the liquidation or exaction is made more than nine months after the date of the entry, or transaction; * * *

Plaintiff contends herein that because of mistake of fact and inadvertence, Customs failed to classify the subject merchandise as experimental and, accordingly, free of duty under item 864.30, TSUS, which provides:

> Articles intended solely for testing, experimental, or review purposes, including plans, specifications, drawings, blueprints, photographs, and similar articles for use in connection with experiments or for study * * *

By a prior motion the defendant sought to dismiss the instant action for lack of jurisdiction over the subject matter. Determination of defendant's motion was deferred by this court until the trial of the within action on the merits. *See PPG Industries, Inc.* v. *United States,* 84 Cust. Ct. 256 (1980).

Upon the record in the instant action as well as upon the affidavits and depositions filed in connection therewith, the plaintiff presently moves for summary judgment.

The defendant renews its motion to dismiss the instant action for lack of jurisdiction over the subject matter and, alternatively, cross-moves for summary judgment.

---

[1] Classification was claimed under such items as 661.70, 678.50, 683.40, 773.25, TSUS.

In order to facilitate the application of the germane statutory provisions to the facts in the instant action, the merchandise in issue has been divided into groups relating to a time frame during which the specific entries were entered and liquidated.

Group A—entries entered and liquidated between December 1, 1969 and October 27, 1972.

| Entry No. | Port | Date of entry | Date of liquidation |
|---|---|---|---|
| 30–C | Corpus Christi | 12–1–69 | 12–18–69 |
| 100026 | Corpus Christi | 8–25–70 | 10–2–70 |
| 109551 | Houston | 11–2–70 | 10–27–72 |

Group B—entries entered and liquidated between January 5, 1972 and June 1, 1973.

| Entry No. | Port | Date of entry | Date of liquidation |
|---|---|---|---|
| 100132 | Corpus Christi | 1–5–72 | 2–9–73 |
| 137339 | Philadelphia | 2–8–72 | 3–3–72 |
| 100083 | Corpus Christi | 11–20–72 | 4–13–73 |
| 10–C | Corpus Christi | 9–21–73 | 9–21–72 |
| 100155 | Corpus Christi | 3–15–73 | 6–1–73 |

Group C—entries entered and liquidated between November 17, 1972 and October 25, 1974.

| Entry No. | Port | Date of entry | Date of liquidation |
|---|---|---|---|
| 218363 | New Orleans | 2–15–73 | 10–25–74 |
| 205527 | New Orleans | 9–13–73 | 10–25–74 |

Claims regarding entries 100133; 101955; 105901; 211005 have been abandoned.[2]

To sustain defendant's motion to dismiss for lack of jurisdiction over the subject matter would disregard the explicit statutory provisions which grant to this court the exclusive jurisdiction over the subject matter. The record in the instant action discloses that on January 8, 1976, a formal request for reliquidation of the subject entries was made by the plaintiff. Upon the refusal of Customs to *reliquidate* the subject entries by amending the same pursuant to

[2] Plaintiff's Statement of Material Facts, pp. 4, 20 and 23.

19 U.S.C. § 1520(c)(1), the plaintiff timely filed its protest pursuant to 19 U.S.C. § 1514(a)(7) and upon denial thereof by Customs commenced the instant action in this court in a timely manner.

The defendant's motion to dismiss is not directed to plaintiff's protest, the denial thereof by Customs or the timeliness in instituting this action in this court. Defendant's motion is directed solely to the timeliness and the sufficiency of the request for reliquidation made by plaintiff pursuant to 19 U.S.C. § 1520(c)(1). By virtue of plaintiff's timely protest of Customs' refusal to reliquidate the entries, this court unquestionably acquired jurisdiction over the subject matter concerning which the facts to the instant action relate. 19 U.S.C. § 1514(a)(7); 28 U.S.C. § 1582(a). *See C. J. Tower & Sons of Buffalo, Inc.,* v. *United States,* 68 Cust. Ct. 17, *aff'd* 61 CCPA 90, 499 F. 2d 1277 (1974).

However, to recognize that subject matter jurisdiction of the instant action has been acquired by this court does not at the same time imply that the merits of plaintiff's claim protesting the refusal of Customs to reliquidate the subject entries pursuant to 19 U.S.C. § 1520(c)(1) are likewise recognized. *See Madden Machine Co.* v. *United States,* 61 CCPA 97, 499 F. 2d 1294 (1974). Were it to appear patently from the record that the provisions of 19 U.S.C. § 1520(c)(1) with respect to the sufficiency or timeliness of the request for liquidation have not been met, a motion to dismiss for failure to state a claim upon which relief can be granted might well lie. The defendant has not chosen to predicate its motion upon this ground.

However, the evidence adduced in the instant action with respect to the compliance made by the plaintiff with the prerequisites of 19 U.S.C. § 1520(c)(1) is inextricably intermeshed with the evidentiary facts relating to the merits of the District Director's refusal to reliquidate the subject merchandise. Accordingly, in granting the defendant's alternative cross-motion for summary judgment, the sufficiency and the timeliness of plaintiff's request for reliquidation under the provisions of 19 U.S.C. § 1520(c)(1) are considered and determined in connection with the evidentiary facts relating thereto.

Under section 1520(c)(1) three conditions must be satisfied before the appropriate Customs officer is authorized to reliquidate an entry to correct a "mistake of fact, or other inadvertence":

(1) A mistake of fact or other inadvertence exists.

(2) The mistake of fact or other inadvertence is manifest from the record or established by documentary evidence, and

(3) The mistake of fact or other inadvertence is brought to the attention of the Customs Service within the time requirements of the statute.

A mistake of fact remediable under the provisions of 19 U.S.C. § 1520(c)(1) is one "which takes place when some fact which indeed exists is unknown or a fact which is thought to exist in reality does not exist." *C. J. Tower & Sons, supra,* at 22. In *Tower* the remedi-

able mistake was the lack of knowledge on the part of the importer until after liquidation that the subject merchandise was in fact to be used as emergency war material, which was duty free.

Any mistake which might have been made in the instant action was qualitatively different from the mistake in *Tower*. In the latter case, the plaintiff-importer was mistaken as to the use to which his merchandise would be put. In the instant action the plaintiff was under no such misapprehension. The company officials admitted knowing the intended use to which the subject merchandise would be placed. The mistake alleged by plaintiff is similar to the mistake of law found in *Hambro Automotive Corp.* v. *United States*, 66 CCPA 113, 603 F.2d 850 (1979). There the exporter knew the facts regarding its cost of production but erred in the assessment of those costs under the applicable law.

Plaintiff contends that the invoices bearing notations "experimental material" and "no charge" constitute such notice to Customs as to require a further inquiry into the eligibility of the subject merchandise for duty-free treatment. However, examination of the consumption entries filed with Customs and prepared by plaintiff and its agents fails to disclose any notations or information relating to the character or the intended use of the imported merchandise. On the contrary, each consumption entry specifically included a claimed classification under a tariff schedule item bearing a rate of duty.

The court cannot agree with the plaintiff that a notation "experimental" or "no charge" could have apprised Customs of the character and intended use of the subject merchandise. The adjective "experimental" does not include by way of implication that the use of an article is intended for a limited duration of time only. As evidenced from the very record herein, experimental equipment may be used over a period of many years.

In item 864.30, TSUS, under which plaintiff now seeks classification of the subject merchandise free of duty, the term "experimental articles" is qualified by Subpart C, Part 5, Schedule 8 under which it is included. Subpart C relates only to "Articles Admitted Temporarily Free of Duty Under Bond."

Headnote 1, Subpart C provides in pertinent part:

> 1. (a) The articles described in the provisions of this subpart, when not imported for sale or for sale on approval, may be admitted into the United States without the payment of duty, under bond for their exportation within 1 year from the date of importation, which period, in the discretion of the Secretary of the Treasury, may be extended, upon application, for one or more further periods which, when added to the initial 1 year, shall not exceed a total of 3 years, * * *

In asserting that the subject merchandise has been wrongly classified due to a mistake of fact, it is incumbent on the plaintiff to show by sufficient evidence the nature of the mistake of fact. The

burden and duty is upon the plaintiff to inform the appropriate Customs official of the alleged mistake with "sufficient particularity to allow remedial action." *Hambro Automotive Corp.* v. *United States,* 81 Cust. Ct. 29, 31 (1978).

No information was provided by the plaintiff that the subject merchandise, as imported, was intended *solely* for testing or experimental purposes. No information was provided by plaintiff that admittance of the subject merchandise was sought temporarily free of duty. No information was provided by plaintiff that the subject merchandise was intended to be imported under bond for their exportation within 1 year or at the expiration of two additional 1-year extensions, granted at the discretion of the Secretary. None of the foregoing facts are manifest from the record. Nor did the letters sent to Customs by plaintiff's officer (Mr. Kempf) and its Customs broker nor the conversation between the broker and Customs include this information. If it were the intention to use the subject merchandise solely for experimental purposes and for the limited duration provided by section 1520(c)(1), the duty fell alone upon the plaintiff-importer to have so timely advised Customs. The plaintiff in thrusting the entire burden in ascertaining the true experimental character and intended use of the subject merchandise from the meager information provided would require the appropriate Customs officials to possess Delphian powers.

Under an alleged but ill defined "principle of agency" the plaintiff contends that notice of a mistake of fact given to one Customs officer constitutes notice to all other districts or regions of the service. Thus, argues the plaintiff, information directed to the Customs officials at Houston, Texas, with respect to the entries made thereat should constitute constructive notice to the Customs officials with respect to similar merchandise entered at the port of Philadelphia. Clearly, the Congress did not intend to impose upon Customs officials across the Nation, who must handle thousands of entries each week, an obligation to ferret out information as to the duty-free character not only those entries entered within his own district but also with respect to entries of similar character in other districts, particularly where the information regarding such merchandise and the use thereof is singularly within the knowledge of the importer. The language of section 1520(c)(1) mandates that "the appropriate Customs officer" shall reliquidate an entry to correct a mistake of fact. The very justification for conferring upon this court, formerly the United States Customs Court, national jurisdiction is to assure uniformity in the application of the Customs laws throughout the United States where, as recognized, the administrative determinations in the respective Customs districts and regions may conflict due to error in construction or lack of individual knowledge of the facts.

The provisions of 19 U.S.C. § 1520(c)(1), in effect at the time of the entries in issue, authorized a Customs officer to reliquidate an

entry when the mistake of fact or other inadvertence is brought to the attention of Customs "within one year after the date of entry, or transaction or within ninety days after liquidation or exaction when the liquidation or exaction is made more than nine months after the date of the entry or transaction."

Decisions of this court uniformly have held that to invoke the foregoing statute the information relating to a mistake of fact must in effect constitute a request for reliquidation and be made within the time requirements specified in the statute. *Berkery, Inc.* v. *United States,* 47 Cust. Ct. 102, C.D. 2287 (1961); *Hensel, Bruckmann and Lorbacher, Inc.* v. *United States,* 57 Cust. Ct. 52, C.D. 2723 (1966); *J. S. Sareussen Marine Supplies Inc.* v. *United States,* 62 Cust. Ct. 449, C.D. 3799 (1969); *St. Regis Paper Co.* v. *United States,* 2 CIT 190 (1981); *Adorence Co.* v. *United States,* 3 CIT 81 (1982), appeal pending. A claim made to Customs prior to liquidation is not timely "inasmuch as section 1520(c)(1) only supports a claim for reliquidation as distinguished from liquidation." *Hensel, supra,* at 54. No valid request for reliquidation can exist when no liquidation has in fact been made. *Sareussen, supra,* at 454.

The record herein undisputedly shows that the various means of notification alleged by the plaintiff to have been made to Customs with respect to the subject merchandise occurred in every instance prior to liquidation. The invoices containing the notations "experimental material" and "no charge," which the plaintiff claims constitutes a sufficient notice to Customs with respect to the entries which have been hereinbefore set forth under Group A and Group B, obviously were filed prior to liquidation.

The communications, consisting of conversations between the plaintiff, its agents and Customs officials in 1970 and the letter from Mr. Kempf of plaintiff company to Customs under date of January 15, 1971, all relating specifically to entry 109551, clearly appear from the record to have occurred prior to liquidation of the entry on October 25, 1974.

The additional letters from Mr. Kempf of plaintiff company to Customs officials in 1973 and 1974 with respect to those entries set forth in the schedule hereinbefore designated as Group C likewise antedate the liquidation of those entries made on October 25, 1974.

Plaintiff's first request for reliquidation was not filed herein until January 8, 1976. This belated effort patently fails to meet the time requirement provided by section 1520(c)(1).

This court, accordingly, concludes:

(1) That neither the record nor any evidence presented in connection therewith reveal that the plaintiff brought to the attention of Customs any information with sufficient particularity to allow remedial action as to a mistake of fact or other inadvertence authorizing the appropriate Customs officer to reliquidate the subject entries within the provisions of 19 U.S.C. § 1520(c)(1).

(2) No notice with respect to any mistake of fact or inadvertence relating to the alleged wrongful classification of the subject merchandise was timely made by plaintiff to Customs within the provisions required by 19 U.S.C. § 1520(c)(1).

(3) The motion of the plaintiff for summary judgment is denied.

(4) The alternative cross-motion of the defendant for summary judgment is granted.

Let judgment be entered accordingly.