STAR SALES & DISTRIBUTING CORP., Plaintiff,

v.

UNITED STATES, Defendant.

Court No. 83–5–00728.

United States Court of International Trade.

Nov. 7, 1986.

Casner, Edwards & Roseman (Walter H. Mayo III), Boston, Mass., for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Civ. Div., Dept. of Justice, New York City (Sheila N. Ziff), Washington, D.C., for defendant.

DiCARLO, Judge:

Plaintiff, an importer of metal fasteners from Japan, brings this action under 28

U.S.C. § 1581(a) challenging the United States Customs Service (Customs) denial of two protests as untimely. Defendant moves for summary judgment and plaintiff opposes, alleging the existence of a genuine issue of material fact as to the posting of the notices of liquidation by Customs. Plaintiff amends its complaint to assert jurisdiction under 28 U.S.C. §§ 1581(i) and 1585 and cross-moves for summary judgment; defendant opposes on the ground that the Court lacks jurisdiction. The Court grants defendant's motion for summary judgment and denies plaintiff's cross motion, dismissing the action for lack of jurisdiction.

## BACKGROUND

In June 1979, the Treasury Department published in the Federal Register a final countervailing duty (CVD) determination and order covering certain industrial fasteners from Japan. T.D. 79–158 (1979). The "Action" heading for this CVD order reads "Final Countervailing Duty Order and Suspension of Liquidation." The phrase "and Suspension of Liquidation" was improperly included and was deleted later that month.

From June 1979 through June 1981, plaintiff entered 46 shipments of fasteners covered by T.D. 79–158. These 46 entries were liquidated from July 1979 through August 1981 at the rate of 4% ad valorem as set by the CVD order.

Prior to the liquidation of some of these entries, the administration of the CVD program was transferred to the Department of Commerce (Commerce) by Executive Order No. 12188 effective January 2, 1980. In May 1980, Commerce published a notice of its intention to review, on an annual basis, all CVD orders then in existence. This notice did not include entries of Japanese fasteners covered by T.D. 79–158 on the list of existing orders to be reviewed. Customs thus continued liquidating entries of Japanese fasteners at the duty rate set forth in that CVD order.

In November 1980, pursuant to instructions from Commerce, Customs advised its field personnel by telex that liquidations of entries subject to T.D. 79–158 were to be suspended immediately. Despite this telex ordering suspension, liquidations of plaintiff's entries continued until the last liquidation in August 1981.

Customs received a protest from plaintiff on April 19, 1982, contesting liquidation of the first 14 entries of Japanese fasteners imported by plaintiff. The protest was denied as untimely on November 15, 1982. Customs received a second protest on April 20, 1982, contesting liquidation of the remaining 32 entries of fasteners imported by plaintiff. On November 16, 1982, this protest also was denied as untimely filed.

In May 1983, plaintiff commenced this action pursuant to 28 U.S.C. § 1581(a) challenging the denial of these two protests filed in connection with its 46 entries. The Court allowed plaintiff to amend its complaint to assert jurisdiction under 28 U.S.C. §§ 1581(i) and 1585 in March 1986.

## DISCUSSION

### § 1581(a)

■ Plaintiff asserts that this Court has jurisdiction over a challenge to Customs denial of its protests pursuant to 28 U.S.C. § 1581(a). The Court finds, however, that more than 90 days had elapsed between the liquidation contested by plaintiff, the last of which took place on August 28, 1981, and the filing of plaintiff's protests on April 19 and 20, 1982. Where a protest is filed more than 90 days after notice of liquidation, the Court does not have jurisdiction over an action contesting the denial of such protest. 19 U.S.C. § 1514(c)(2) (1982); see Computime, Inc. v. United States, 8 CIT 259, 261, 601 F.Supp. 1029, 1030 (1984), aff'd, 772 F.2d 874 (Fed.Cir. 1985); Wally Packaging, Inc. v. United States, 7 CIT 19, 22, 578 F.Supp. 1408, 1411–12 (1984).

Plaintiff contends that a trial is necessary to resolve the question of whether notices of liquidation regarding the 46 entries were actually posted by Customs pursuant to 19 C.F.R. § 159.9(b). Plaintiff asserts that defendant is not entitled to summary judgment on the question of jurisdic-

tion under section 1581(a) since defendant has failed to present any evidence based on personal knowledge that the notices of liquidation were posted.

■ Defendant is not required to produce evidence based on personal knowledge that liquidation notices were posted in order to avoid a trial on such issue. It is accepted that government officials are entitled to the benefit of a presumption that their duties are performed in the manner required by law. *See, e.g., United States v. Getz Brothers & Co.,* 55 CCPA 90, C.A.D. 938 (1968); *Olavarria & Co. v. United States,* 47 CCPA 65, C.A.D. 729 (1960). Defendant has bolstered this presumption through the testimony of a Customs official responsible for the posting of notices of liquidation during the time the plaintiff's 46 entries were being liquidated. This official testified to a procedure followed consistent with the requirements of 19 C.F.R. § 159.9(b). These requirements were approved in *Frederick Wholesale Corp. v. United States,* 754 F.2d 349 (Fed. Cir.1985).

In the absence of an affidavit or other evidence from plaintiff, the presumption that notice was posted is sufficient to negate the existence of a genuine issue of material fact. When a party moving for summary judgment has met its burden of demonstrating that no genuine issue of material fact remains, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Since the protests were not timely filed, the Court does not have jurisdiction over this action under 28 U.S.C. § 1581(a).

### §§ 1581(i) and 1585

Plaintiff contends that Customs improperly liquidated the 46 entries contrary to its own policy and instructions and thus jurisdiction exists pursuant to 28 U.S.C. § 1581(i)(4) which provides:

In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)—(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for

. . . .

(4) administration and enforcement with respect to the matters referred to in paragraphs (1)—(3) of this subsection and subsections (a)—(h) of this section.

Plaintiff asserts in its complaint that "it was the practice of the Customs Service in Boston and elsewhere either not to liquidate entries subject to countervailing duties until the level of countervailing duties had been finally established or to reopen such entries, set the final level of duties and reliquidate the entries." Even if true, this argument is not available to plaintiff upon the facts as presented by the parties. The parties agree and the Court finds that T.D. 79–158 was a final CVD determination and order. The level of duties assessed upon certain entries governed by that order was finally established to be the 4% ad valorem assessed all 46 of plaintiff's entries liquidated by Customs.

Plaintiff argues, however, that Customs did not properly suspend liquidation of certain of its entries pending a review of the CVD order by Commerce after Commerce took over administration of the CVD program. Plaintiff contends that Customs "illegally" ignored internal instructions issued in November 1980 to suspend liquidation of entries of Japanese fasteners covered by the CVD order.

■ Section 1581(i) is the residual jurisdiction of the Court and may be invoked when other available avenues of jurisdiction are manifestly inadequate or it is necessary to avoid extraordinary and unjustified delays caused by the exhaustion of administrative remedies. *See Detroit Zoological Society v. United States,* 10 CIT ——, 630 F.Supp. 1350, 1353 & n. 6 (1986) (and cases cited therein). In *United States v. Uniroyal, Inc.,* 69 CCPA 179, 687 F.2d 467, (1982), the court held that section 1581(i) jurisdiction did not exist because

1130

plaintiff's proper avenue of redress was under 28 U.S.C. § 1581(a).

Plaintiff argues that its case is not one which can still be brought under section 1581(a) should the Court rule in favor of defendant on that jurisdictional claim. With such avenue no longer available for jurisdiction, plaintiff asserts, the Court should find residual jurisdiction for its action under section 1581(i).

In making a determination of whether a particular remedy is manifestly inadequate, however, the Court must consider whether if properly utilized at the time such remedy or procedure adequately would serve a remedial function. That plaintiff failed to utilize the adequate and effective procedure originally available to it under section 1581(a) does not render such remedial procedure manifestly inadequate. Also, where a traditional means of review exists under section 1581(a) a party may not circumvent the relevant prerequisites to such review (including time limitations) by invoking section 1581(i) jurisdiction. *See American Air Parcel Forwarding Co. v. United States*, 5 CIT 8, 10, 557 F.Supp. 605, 607, *aff'd*, 718 F.2d 1546 (Fed.Cir. 1983).

Finally, 28 U.S.C. § 1585 does not grant the Court jurisdiction since it relates only to the powers of the Court to render an effective judgment once jurisdiction is established. *See, e.g., Manufacture De Machines Du Haut-Rhin v. von Raab*, 6 CIT 60, 66, 569 F.Supp. 877, 883 (1983), *appeal dismissed*, No. 83–1341 (1984). Section 1585 cannot be used by plaintiff to create jurisdiction for the Court based on the Court's equity powers.

While many cases such as the present one present facts which invoke the sympathy of the Court, judicial review often is limited by statutory restraints imposed by Congress. In the present situation, the Court must dismiss any action by plaintiff premised upon sections 1581(i) or 1585 for lack of jurisdiction.