√ Trunk Organizer – totes keeps your trunk clean and organized. The durable nylon shell is coated with oil impervious vinyl. Includes two (2) inserts that snap into place. Roomy, compartmentalized zipper case is designed to store auto necessities; jumper cables, oil, tools, etc., in neat, orderly fashion.
Style #3230 BLK  Suggested Retail Price: $25.00

**MITSUBISHI ELECTRONICS AMERICA, INC.,** Plaintiff,

v.

**The UNITED STATES of America, Defendant.**

Court No. 92–03–00190.

Slip Op. 94–155.

United States Court of International Trade.

Oct. 3, 1994.

Baker & McKenzie, Thomas P. Ondeck and Kevin M. O'Brien, Washington, DC, for plaintiff.

Frank W. Hunger, Asst. Atty. Gen., Joseph I. Liebman, Attorney–in–Charge, International Trade Field Office, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, Bruce N. Stratvert, Washington, DC, for defendant.

### MEMORANDUM and ORDER

GOLDBERG, Judge:

This consolidated matter is before the Court on plaintiff's motion to strike defendant's affirmative defense and for partial summary judgment. Defendant opposes plaintiff's motion and brings a cross-motion for partial summary judgment.

### BACKGROUND

By motion and cross-motion, the parties ask the Court to determine whether it has jurisdiction to hear the case at bar. The case involves the classification, for customs purposes, of optoelectronic semiconductor laser diode modules used in fiber optics communications. The parties have stipulated to the material facts which follow.

Plaintiff is the importer of the merchandise. The United States Customs Service ("Customs") initially liquidated the merchandise under subheading 8517.81.00, Harmonized Tariff Schedule of the United States ("HTS") as "other apparatus: telephonic," with a duty rate of 8.5% ad valorem.

Plaintiff timely filed ten protests with Customs challenging Customs' liquidation of the merchandise under subheading 8517.81.00, HTS. Plaintiff claimed that Customs should have classified the merchandise under either: (1) subheading 8541.10.00, HTS as "diodes, other than photosensitive or light-emitting diodes: other;" or (2) subheading 8541.40.60, HTS as "photosensitive semiconductor devices: other diodes." Both of the categories advanced by plaintiff call for duty-free entry.

Customs did not find that the merchandise fit under either the categories advanced by plaintiff, or the category under which the merchandise had been liquidated originally. Instead, Customs found that it should classify the merchandise in an altogether different category with a duty rate of 4.2% ad valorem. Consequently, Customs issued notices to plaintiff, informing it that its protests had been "denied ... in part," and reliquidated most of the merchandise.

Customs reliquidated most of the merchandise under subheading 8541.40.95, HTS, as

"photosensitive semiconductor devices: other: other," with a duty rate of 4.2% *ad valorem.* More particularly, Customs reliquidated all entries under Protest Nos. 28090–000505, 28090–000638, 280990–102093, 28099–001002, 280990–101988, 280991–100296, 280991–100317, and 280991–100805. Customs also reliquidated all entries under Protest No. 280991–101339, except for Entry No. 442–0326493–0. Customs failed to reliquidate any entries under Protest No. 280990–101231. Customs' failure to reliquidate all of the entries under all ten of plaintiff's protests at a duty rate of 4.2% *ad valorem* was inadvertent.

Plaintiff paid all duties on the entries, without filing protests against the reliquidation of certain entries under subheading 8541.40.95, HTS. Then, more than ninety days after the reliquidation, plaintiff filed two cases in this Court, numbers 92–03–00190 and 92–03–00191, contesting the reliquidation of its merchandise.[1] Plaintiff claims that the merchandise should be classified under either: (1) subheading 8541.10.00, HTS (free); (2) subheading 8541.40.60, HTS (free); or (3) subheading 854.40.20, HTS, "photosensitive semiconductor devices: light emitting diodes" (2% *ad valorem* ).

Since plaintiff filed suit in this Court, the Headquarters Office of the Customs Service issued a ruling in response to a Request for Further Review concerning the classification of "Toshiba Laser Diodes," items which are substantially similar to plaintiff's merchandise. Headquarters Ruling Letter No. 088754 (June 2, 1992). The Headquarters Office classified "Toshiba Laser Diodes" under subheading 854.40.20, HTS with a duty rate of 2% *ad valorem.* Customs now admits that those entries of plaintiff's merchandise which it neglected to reliquidate are classifiable under subheading 854.40.20, HTS with a duty rate of 2% *ad valorem.* As for those entries which it did reliquidate, however, Customs asserts that the Court lacks jurisdiction to entertain plaintiff's actions.

To settle the question of the Court's jurisdiction, plaintiff moves: (1) to strike Customs' affirmative defense regarding lack of jurisdiction; and (2) for partial summary judgment in each of the two cases which it has filed. Customs opposes plaintiff's motion, and cross-moves for partial summary judgment in each case. Subsequent to the filing of the motions in each action, the Court consolidated these two cases under case number 92–03–00190. The Court therefore addresses the parties' motions and cross-motions in the context of this consolidated action.

## DISCUSSION

■ When a defendant challenges the Court's jurisdiction, the plaintiff has the burden of demonstrating that jurisdiction exists. *Lowa, Ltd. v. United States,* 5 CIT 81, 83, 561 F.Supp. 441, 443 (1983), *aff'd,* 2 Fed.Cir. (T) 27, 724 F.2d 121 (1984).

### A. *Failure To Protest Reliquidation.*

■ Plaintiff argues that the Court has jurisdiction over all entries of its merchandise pursuant to 28 U.S.C. § 1581(a), which provides the Court with jurisdiction over "any civil action commenced to contest the denial of a protest, in whole or in part." More specifically, plaintiff claims that the Court has jurisdiction because plaintiff timely filed suit after Customs ostensibly "denied ... in part" plaintiff's protests of the initial liquidation of the entries. Plaintiff contends that it did not need to protest the subsequently reliquidated entries in order for the Court to have jurisdiction over those entries.

Plaintiff fails to recognize, however, that "[r]eliquidation vacates and is substituted for the collector's original liquidation. The reliquidation, not the original liquidation, is the final decision of the collector as to the rate and amount of duty to be paid by the importer, and the time to protest begins to run from the date of the latest liquidation." *United States v. Parkhurst & Co.,* 12 Ct. Cust.App. 370, 373 (1924). If the importer fails to file a protest of a reliquidation with Customs within ninety days of the reliquidation, the reliquidation becomes final. 19

---

1. Court No. 92–03–00190 covers Protest Nos. 28090–000505, 28090–000638, 280990–102093, and 280990–101231. Court No. 92–03–00191

covers Protest Nos. 28099–001002, 280990–101988, 280991–100296, 280991–100317, 280991–100805, and 280991–101339.

U.S.C. § 1514(a); 19 U.S.C. § 1514(c)(2)(A). Consequently, protest of a reliquidation with Customs generally serves as a prerequisite to seeking judicial review of the reliquidation. *Transflock, Inc. v. United States,* 15 CIT 248, 249, 765 F.Supp. 750, 751 (1991). Because plaintiff failed to file protests against the reliquidated entries within 90 days, the Court does not have jurisdiction over the reliquidated entries in this case.

**B.** *Entries Reliquidated More Than 90 Days After Liquidation.*

■■■ Plaintiff also argues that Customs reliquidated the entries more than 90 days after the notice of liquidation, in violation of 19 U.S.C. § 1501. Plaintiff therefore asserts that the Court should disregard the illegal reliquidation of the merchandise and recognize the initial liquidation of the merchandise as the final protestable action by Customs.

An untimely or otherwise illegal reliquidation by Customs is not void; it is only voidable. *See e.g., Omni U.S.A., Inc. v. United States,* 6 Fed.Cir. (T) 99, 103, 840 F.2d 912, 915 (1988); *United States v. A.N. Deringer,* 66 CCPA 50, 55, 593 F.2d 1015, 1020 (1979). An importer must raise a contention of illegality by filing a timely protest against the reliquidation; otherwise, the reliquidation will become final and conclusive. 19 U.S.C. § 1514(a)(5); *Commonwealth Oil Refining Co. v. United States,* 67 Cust.Ct. 155, 163, 332 F.Supp. 203, 209 (1971). Because plaintiff did not protest the legality of the reliquidation within 90 days of the reliquidation, it has become final and conclusive, regardless of its timeliness. The Court will not disregard it.

**C.** *Equitable Principles.*

■■■ Plaintiff further argues that principles of equity require the Court to exercise jurisdiction over the reliquidated entries.

Plaintiff fails to acknowledge, however, that "[t]he terms of the government's consent to be sued in any particular court define that court's jurisdiction to entertain suit." *NEC Corp. v. United States,* 5 Fed.Cir. (T) 49, 51, 806 F.2d 247, 249 (1986). In a case against the government, jurisdictional statutory requirements cannot be waived or sub-

jected to excuse or remedy based upon equitable principles. *Id.* Equitable estoppel, for example, is usually not available in cases against the government involving the collection or refund of duties on imports. *United States v. Reliable Chemical Co.,* 66 CCPA 123, 128, 605 F.2d 1179, 1184 (1979). Consequently, equitable principles do not operate to allow the Court to exercise jurisdiction over the reliquidated entries in this case.

**D.** *Administrative Principles.*

■■■ Finally, plaintiff argues that principles of administrative law excused it from having to file a protest against the reliquidation before seeking judicial review. Plaintiff essentially claims that it was not statutorily required to protest the reliquidation and that it would have been futile for plaintiff to do so.

As discussed above, an importer is statutorily required to file a valid protest against a reliquidation as a prerequisite to review by this Court. Although the importer cannot use reliquidation as an excuse for raising protests which it failed to assert after the initial liquidation, the importer can protest the accuracy of corrections made via reliquidation. *Computime, Inc. v. United States,* 3 Fed.Cir. (T) 175, 178, 772 F.2d 874, 877 (1985). The protest informs Customs that corrections effected by a reliquidation have not appeased the importer and explains why the importer finds particular corrections unsatisfactory. 19 U.S.C. § 1514(c)(1). By filing the protest, the importer asks Customs to reconsider the accuracy of modifications embodied in a reliquidation and to issue a final view, thereby exhausting the importer's administrative remedies. Because the statutorily required protest of a reliquidation serves these purposes, plaintiff cannot successfully argue that the futility exception to exhaustion of administrative remedies applies in this case. For all of the foregoing reasons, it is hereby

**ORDERED** that plaintiff's motion to strike defendant's affirmative defense and for partial summary judgment is DENIED; it is further

**ORDERED** that defendant's cross-motion for partial summary judgment is GRANTED; it is further

**ORDERED** that Protest Nos. 28090–000505; 28090–000638; 280990–102093; 28099–001002; 280990–101988; 280991–100296; 280991–100317; and 280991–100805; as well as all entries under Protest No. 280991–101339 other than Entry No. 442–0326493–0, are hereby severed from this consolidated action and designated Court No. 92–03–00190–S, which action is hereby dismissed for lack of jurisdiction; and it is further

**ORDERED** that the parties shall, within twenty-one (21) days of the date of this Memorandum and Order, submit to the Court a joint proposed scheduling order which will govern all subsequent proceedings in this consolidated action.