SLIP OP. 99-133

# UNITED STATES COURT OF INTERNATIONAL TRADE

_____

POWER-ONE INC. and PODER UNO de : \
MEXICO S.A. de C.V., :

       Plaintiffs, :

       v. :     **BEFORE: Wallach, Judge** \
                         :     **Court No.: 97-08-01340**

UNITED STATES OF AMERICA, :

       Defendant. :

_____

[Defendant's Motion To Dismiss for lack of jurisdiction and/or failure to state a claim upon which relief could be granted is granted.]

Decided: December 14, 1999

S.K. Ross & Assoc., P.C., (Susan Kohn Ross and Melvin L. Chung), for Plaintiffs.

David W. Ogden, Acting Assistant Attorney General; Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, (John J. Mahon); Chi S. Choy, Of Counsel, Office of Assistant Chief Counsel, International Trade Litigation, United States Customs Service, for Defendant.

# OPINION

# I

# INTRODUCTION

This matter is before the Court on the Government's Motion To Dismiss for lack of

jurisdiction and/or failure to state a claim upon which relief could be granted. This action arises

from the denial of a post-entry North American Free Trade Agreement ("NAFTA") claim.

Compl. at para. 1; Answer at para. 1. Plaintiffs, Power-One Inc. ("Power-One") and PoderUnode

Mexico ("Poder Uno"), claim that this Court has jurisdiction over this matter under 28 U.S.C.

§1581(a) and/or (i)(1) and/or (4). Compl. at para. 2. Plaintiffs assert that jurisdiction under §1581(a) attaches because the post-entry claim was treated by the United States Customs Service ("Customs") as a protest, despite the requirements of 19 C.F.R. § 174.12(e)(2)[1] and 19 U.S.C. §1514(a)[2] and (c)(2)(A)[3] and (E), and that therefore it became a protest in Customs' hands.[4] Plaintiffs' Opposition to Defendant's Motion to Dismiss ("Plaintiffs' Opposition") at 10-11. Alternatively, Plaintiffs claim this action arises from the denial of a protest, arguing that the same post-entry NAFTA claim actually was a protest. Compl. at para. 1. Plaintiffs further allege that jurisdiction under §1581(i) attached because the denial of the post-entry claim did not comply with the regulatory requirements of 19 C.F.R. § 181.75[5] and §181.76.[6] Compl. at paras. 1, 4, 5.

Defendant argues that this action should be dismissed because the Court lacks subject matter jurisdiction. Defendant argues that the Court lacks jurisdiction under 28 U.S.C. §1581(a) because of Plaintiffs' failure to file timely 19 U.S.C. §1514 protests regarding the negative origin

---

[1] 19 C.F.R. § 174.12(e) (1999) governs the time period for filing a protest. 19 C.F.R. §174.12(e)(2) provides that a timely protest must be made within 90 days after "the date of written notice of a denial of a claim filed under [19 U.S.C. §1520(d)]."

[2] 19 U.S.C. §1514(a) (1994) lists, inter alia, which decisions of the Customs Service are deemed final unless a protest is filed or a civil action contesting the denial of a protest is filed in this Court.

[3] 19 U.S.C. §1514(c)(2)(A) (1994) sets forth that the importers or consignees shown on the entry papers or their sureties, may file a protest with respect to merchandise which is the subject of a decision specified in 19 U.S.C. §1514(a).

[4] 19 U.S.C. §1514(c)(2)(E) (1994) provides that any exporter or producer of merchandise subject to a determination of origin under 19 U.S.C. § 3332 may file a protest if the exporter or producer completed and signed a NAFTA Certificate of Origin covering the merchandise.

[5] 19 C.F.R. §181.75 (1999) governs the issuance of an origin determination.

[6] 19 C.F.R. §181.76 (1999) governs the application of origin determinations.

determinations, the denial of Plaintiffs' 19 U.S.C. §1520(d) petition for refund of duty under

NAFTA, and the liquidation with increased duties of eleven entries liquidated subsequent to the

filing of Plaintiffs' §1520(d) petition. See Defendant's Memorandum in Support of Defendant's

Motion to Dismiss for Lack of Jurisdiction and/or Failure to State a Claim Upon Which Relief

Could Be Granted ("Defendant's Memorandum") at 8-16, 17. Defendant also argues that the

Court lacks jurisdiction under 28 U.S.C. §1581(i) because an adequate remedy existed under 28

U.S.C. §1581(a). Id. at 18-20.

For the reasons set forth below, Defendant's Motion To Dismiss is granted.

**II**

**BACKGROUND**

In 1994, Poder Uno produced and shipped wire harnesses, transformers and power

supplies to Power-One. Compl. para. 8, Answer at para. 8. In that year, Power-One, the

importer of record, entered the 315 entries which are the subject of the post-entry NAFTA claim.

See Defendant's Response to Court's Order of July 26, 1999.[7] None of the goods received

preferential treatment under NAFTA because no NAFTA claim was made at the time of entry.

Defendant's Memorandum at 1; Compl. at para. 8; Answer at para. 8. The wire harnesses were

---

[7]Although the dispositive motions indicate that 335 entries are at issue, Plaintiffs' Opposition at 3; Defendant's Memorandum at 1, Defendant submitted to the Court on August 3, 1999 the declaration of Ms. Choy which states that only 315 entries are at issue. Plaintiffs filed a subsequent declaration of Ms. Ross stating that only 314 entries were at issue. The specific number of entries is of no consequence in this decision.

entered under HTSUS tariff item 8544.41.00.00 at a duty rate of 5.3% ad valorem. Compl. at para. 8; Answer at para. 8. The transformers were entered under tariff item 8504.31.40.00 at a duty rate of 5% ad valorem. Id. The power supplies were entered under tariff item 8504.40.80 at a duty rate of 3% ad valorem. Id.

On December 20, 1994, Power-One filed a post-entry NAFTA claim for the 1994 entries pursuant to the provisions of 19 U.S.C. §1520(d), seeking duty-free treatment for its wire harnesses, transformers and power supplies. Compl. at para. 9, Plaintiffs' Opposition, Exh. 1-1, Letter from Sara Gradilla of Power One to District Director of Nogales Customs of 12/20/94; Answer at para. 9.

On or about December 12 and 13, 1995, Customs, as part of its processing of the NAFTA claim, conducted a NAFTA verification audit at Poder Uno's facilities in Mexico to verify the origin of the goods at issue. Compl. at para. 10; Answer at para. 10; Defendant's Memorandum, Exh. B., Letter from District Director Rudy Cole of Nogales Customs to Poder Uno of 11/9/95. On December 19, 1995, a request for information was sent to Poder Uno seeking more documents to verify the NAFTA claim. Defendant's Memorandum at 2 and Exh. D, Request for Information.

On January 18, 1996, Customs advised Poder Uno that there had been no response to Customs' requests for specific documentation and that failure to respond within 20 days of the date of the letter would result in the issuance of a "Negative Origin Determination," meaning that the NAFTA claim would be denied. Defendant's Memorandum at 2-3 and Exh. E, Letter from

Import Specialist Jorge Salazar to Poder Uno of 1/18/96. When the requested documentation

was not received, Customs issued a written determination on February 20, 1996 that the wire

harnesses did not qualify as originating goods under NAFTA. Defendant's Memorandum at 3, 10

and Exh. F, Notice of Action. On November 21, 1996, Customs issued a written determination to

the same effect in regard to the transformers and power supplies. Defendant's Memorandum at 3

and Exh. G.

On February 18, 1997, Customs issued a formal Notice of Action denying the Plaintiffs'

§1520(d) petition because the goods "do not qualify as originating under the terms of NAFTA."

Compl. para. 11 and Exh. 1-1; Answer at para. 11.

## III

## DISCUSSION

### A

**The Court Lacks Jurisdiction Over This Matter Under
28 U.S.C. §1581(a) Because Plaintiffs Failed to File a Protest
Against the Negative Origin Determinations Issued by Commerce
and the Denial of Their §1520(d) Petition Pursuant to 19 U.S.C. §1514.**

Pursuant to 28 U.S.C. §1581(a) (1994), this Court

> shall have exclusive jurisdiction of any civil action commenced to contest the
> denial of a protest, in whole or in part, under section 515 of the Tariff Act of
> 1930.[8]

---

[8]Section 515 of the Tariff Act governs the review of protests filed under 19 U.S.C. §1514
(1994), and is codified at 19 U.S.C. §1515 (1994).

Defendant argues that this Court lacks jurisdiction over this matter under 28 U.S.C. §1581(a) because no timely §1514 protest was filed against either the initial negative origin determinations or the subsequent denial of Power One's §1520(d) Petition.[9]

Protests can only be filed in regard to final decisions of Customs. Section 1514(a) states what decisions are final. The Government argues that denial of the post-entry NAFTA refund claim (§1520(d) petition)[10] is a final Customs decision as to "classification, rate, and amount of duties chargeable," as listed in §1514(a)(2). Therefore, that petition denial is a protestable decision under §1514(a). This means that a §1514 protest, and a denial of that protest under

---

[9] The Court construes this portion of Defendant's motion to dismiss as a USCIT R. 12(b)(1) motion to dismiss for lack of jurisdiction over the subject matter. In deciding such a motion, the Court looks to whether the moving party challenges the sufficiency of the pleadings or the factual basis underlying the pleadings. In the first instance, the Court must accept as true all facts alleged in the non-moving party's pleadings. In the second instance, the Court accepts as true only those facts which are uncontroverted. All other facts are subject to fact-finding by the Court. Cedars-Sinai Medical Ctr. v. Watkins, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993).

Here, Defendant does not attack the sufficiency of the allegations in Plaintiffs' pleadings, but instead asserts Plaintiffs' action is barred because Plaintiffs failed to exhaust their administrative remedies. Answer at para. 21. Thus, Defendant challenges the actual existence of subject matter jurisdiction. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1350 (2d ed. 1990). Therefore, the allegations in Plaintiffs' Complaint are not controlling, and only uncontroverted factual allegations are accepted as true for purposes of the USCIT R. 12(b)(1) portions of this Motion To Dismiss. All other facts underlying the controverted jurisdictional allegations are in dispute and are subject to fact-finding by this Court.

[10] Section 1520(d) permits the reliquidation of an entry to refund any excess duties paid on goods qualifying under the rules of origin set out in 19 U.S.C. § 3332 for which no claim for preferential tariff treatment was made at the time of importation, if the importer, within one year after the date of importation, files a claim, notwithstanding the fact that a valid protest was not filed.

§1515, must occur prior to the filing of suit in order for this Court to have jurisdiction under

§1581(a).[11]

---

[11]      At oral argument, the parties argued whether §1520(d) petition denials were final, and therefore protestable, under §1514. The wording of §1514(a) is somewhat unclear on this point. This lack of clarity leads to confusion regarding jurisdiction under §1581(a). If the denials are not protestable, they cannot come to this Court under §1581(a).

A cursory brief reading of §1514 might indicate that a §1520(d) petition denial is not a protestable final decision of Customs. If so, such denials could not be reviewed here under §1581(a), because under that section, only Customs decisions which have been protested, and those protests denied may be reviewed by this Court. Under this line of reasoning, §1520(d) petitions could only be reviewed under the residual jurisdiction clause §1581(i).

The confusion arises from the first clause of §1514(a), which states that, "Except as provided in . . . section 1520 [and other sections] of this title" Customs decisions in a list of areas are "final and conclusive." The finality of the decision gives rise to its protestability under §1514(c). At first glance it may appear that denial of petitions filed under §1520(d) are not final and conclusive, and therefore not protestable. If they cannot be and are not protested, then this Court cannot entertain claims based upon the denial of the petitions under §1581(a).

Some case law that would appear to support this reading. Dornier Medical Systems, Inc. v. United States, 14 CIT 686, 747 F. Supp. 753 (1990), said that §1520 is excluded from §1514(a). In Dornier, the Plaintiff sued for interest on excess duties paid under §1520(d), which then dealt with refunds and errors. Plaintiff had not filed a §1514 protest. The Government argued a protest had to be filed before suit was commenced. The Court held that the suit was not barred. It relied on the fact that the decision not to pay interest had not been made until after the underlying administrative process was complete, so a §1514 protest would have been inappropriate since it was not part of the administrative decision. As an alternative basis for decision, the Court stated that §1520 was excluded from §1514(a), so the decision was not protestable. If correct, that Dornier dicta would have created absurd results.

The confusion dissipates when the consequences of such reasoning are examined. If the opening clause of §1514(a) excludes from finality, and therefore protestability, Customs decisions made under §1520, then it also excludes decisions made under the other sections listed in that opening clause. Those sections are 1501 (voluntary reliquidations), 1516 (petitions by domestic interested parties), and, formerly, 1521 (reliquidations on account of fraud). That last section, 1521, has been repealed in favor of using §1592 for the purposes previously served by §1521. Section 1592 does not appear in the current §1514(a).

This Court has clearly not followed Dornier's logic regarding these other sections in the past. For instance, many cases decided by this Court make clear that voluntary reliquidations by Customs under §1501 can be challenged under §1581(a), so long as the plaintiff has filed a separate and specific protest of the reliquidation (as opposed to the initial classification or

**1**

## Customs' Treatment of Plaintiffs' Petition Did Not Make it A Protest.

Plaintiffs argue that this Court has jurisdiction under 28 U.S.C. §1581(a) because Customs considered their NAFTA claim to be a protest, so therefore a protest was indeed filed and denied. Plaintiffs' Opposition at 6 and 10-12. Plaintiffs maintain that they did not file a protest. Transcript of Oral Argument at 22-23; Plaintiffs' Opposition Exh. 1-1. However, Plaintiffs argue that the contemporaneous written evidence clearly shows that Nogales Customs considered Power One's NAFTA claim to be a protest because (1) Customs assigned a protest number to the claim and (2) Customs' Automated Commercial System database states that the

---

liquidation), and further cases allow for review of protest denials under the other three sections. See, e.g. Mitsubishi Elec. Am. v. United States, 18 CIT 929, 865 F.Supp. 877 (1994); Philip Morris U.S.A. v. United States, 13 CIT 556, 716 F.Supp. 1479 (1989), aff'd in part, rev'd in part, 907 F.2d 158 (Fed. Cir. 1990); see also Sweet Briar, Inc. v. United States, 73 Cust.Ct. 93 (1974) (challenging a reliquidation under §1521 for suspected fraud); United States v. Jac Natori Co., Ltd., 17 CIT 348, 354-55, 821 F.Supp. 1514, 1520 (1993) (dicta indicating that reliquidations under §1501, §1516, §1520, and §1521 are protestable events).

It would be absurd if none of those decisions was ever final. See Madden Machine Co., Inc. v. United States, 499 F.2d 1294, 1297 (Fed. Cir. 1974). Furthermore, these "never final" decisions would then all fall to §1581(i) jurisdiction in this Court. Sections 1501, 1516, and 1520 govern everyday Customs decisions. The residual jurisdiction clause is intended to catch cases falling through the cracks of the rest of the jurisdictional section; not as a basket for cases stemming from regularly-made Customs decisions. That result would be nonsense.

To read the statute as excluding §1520(d) petition denials from protestability, and therefore from §1581(a) jurisdiction, would be to overrule years of decisions from this Court which have not been questioned, and would lead to the odd result of a large set of major cases falling only under this Court's residual jurisdiction. Any such reading is erroneous.

entries covered by the claim were in the protest denial stage.[12] Plaintiffs' Opposition at 10.
Plaintiffs explain that Customs' denial of their NAFTA refund claim, found in the document
attached as Exhibit H to Defendant's Memorandum, constitutes the requisite protest denial
because Customs considered the petition to be a protest. Plaintiffs' Opposition at 11.

Plaintiffs provide no legal authority to support this argument.

Defendant addresses Plaintiffs arguments with regard to the protest number and Customs'
Automated Commercial System database. Defendant's Reply to plaintiffs' Opposition to
Defendant's Motion to Dismiss ("Reply") at 3-6. Defendant explains that Customs electronic
records label both §1514 claims and §1520 claims as "protests." Id. at 4. However, by looking at
the tracking number and the type of document filed, it is clear which "protests" are actually §1514
protests, and which are §1520(d) petitions. The indicators of the different types of claims filed
are on reports available through the automated system. Id.

Defendant's explanation demonstrates that Customs treated Plaintiffs' claim as a §1520(d)
petition and not a protest filed pursuant to §1514. This is also evidenced by the fact that all the
entries were reviewed for NAFTA eligibility. See Defendant's Memorandum, Exhibit H, Notice of
Action. Had Customs truly considered the §1520(d) claims to be §1514 protests, it would not
have reviewed the documents on the merits of the NAFTA eligibility. It would have been a non-

---

[12]Plaintiffs explained that "Power One's surety, Intercargo, obtained that data directly from
Customs' Automated Commercial System which clearly indicates Customs considered Power
One's entries as having been protested, please see the notation 'PROTEST STATUS: DENIED'
which appears directly beneath the entry numbers." Plaintiffs' Opposition at 10.

protestable matter at that point, because no Customs decision had yet been made to be protested. Since Customs did reach the merits of NAFTA eligibility, it clearly treated the claim as a §1520(d) petition and not as a protest. Therefore, Plaintiffs have neither the legal nor factual basis for the argument that Customs' actions turned a post-entry NAFTA claim into a protest.

**2**

**Plaintiffs' Alternative Argument That the Petition Was Sufficient
to Be a Protest under the Objective Standard for a Protest Fails Because
Plaintiffs Made it Clear to Customs That They Were Not Filing a Protest.**

Plaintiffs argue in the alternative that their submission to Customs qualifies as a §1514 protest under the objective standard set forth in Mattel, Inc. v. United States, 377 F. Supp. 955, 963 (Cust. Ct. 1974). Therefore the denial of their submission constituted a denial of a protest, and jurisdiction is appropriate under §1581(a). Plaintiff's Opposition at 13.

The test for determining if a submission is a protest is objective and independent of a Customs official's subjective reaction to it. See Mattel, 337 F.Supp. at 963:

> "[H]owever cryptic, inartistic, or poorly drawn a communication may be, it is sufficient as a
>
> protest for purposes of section 514 if it conveys enough information to apprise
>
> knowledgeable officials of the importer's intent and the relief sought."

Id. at 960.

Here, the letter submitted by Power One to Customs is referenced as "Post Importation Duty Refund Claim C.F.R. 181.31." Plaintiffs' Opposition, Exh. 1-1. Furthermore, the letter states that the individual submitting the letter on behalf of Power One was "respectfully requesting under C.F.R. 181.31 the Post Importation Duty Refund Claim for the list of Entries attached." Id. Additionally, the letter states that:

> As per C.F.R. 181.32, we have not provided copies of the Entry summaries to any other person not related to Power-One, Inc., nor have we filed any claim for refund, waiver or reduction of duties relating to the goods within the meaning of Article 303 of the NAFTA, nor have we filed a protest or petition or request for reliquidation.

Id. (emphasis added). Plaintiffs' counsel, at oral argument, even went so far as to state that Plaintiffs maintain their position that they did not file a protest. Transcript of oral argument at 22-23.

Furthermore, had this document been a protest, it would have been premature. As stated above, a §1520(d) petition must come before a protest. Prior to denial of a §1520(d) claim, Customs has made no decision which can be protested.

Given that (1) the expressed intent of Power One was to file a post-entry NAFTA claim pursuant to 19 C.F.R. §§ 181.31 and 181.32, both of which address the right to and filing procedure for a post-importation duty refund claim available pursuant to 19 U.S.C. §1520(d); (2) that this expressed intent negates the document's ability to apprise Customs of an intent to file a protest; and (3) that if this claim was a protest it would have been premature, the Court concludes

that this submission was a §1520(d) petition and not a §1514 protest. Therefore, Plaintiffs'

argument fails.

**B**
**The Court Lacks Jurisdiction Over This Matter Under**
**28 U.S.C. §1581(i) Because Jurisdiction Under Another**
**Subsection Of §1581 Was Available.**

Section 1581(i) enables the Court to hear a case when other means of obtaining judicial

review are manifestly inadequate. Star Sales & Distrib. Corp. v. United States, 10 CIT 709, 711,

663 F. Supp. 1127, 1129 (1986). "'[S]ection 1581(i) jurisdiction may not be invoked when

jurisdiction under another subsection of §1581 is or could have been available.'" National Corn

Growers Ass'n v. Baker, 840 F.2d 1547, 1557 (Fed. Cir. 1988) (quoting Miller and Co. v. United

States, 824 F.2d 961, 963 (Fed. Cir. 1988).

Here, Plaintiffs could have invoked the Court's jurisdiction under 28 U.S.C. §1581(a) if it

had exhausted its administrative remedies by protesting the Customs decisions, as set forth in the

previous section. Accordingly, the Court finds that jurisdiction was not properly invoked by

Plaintiffs under 28 U.S.C. §1581(i).

**C**

**Plaintiffs' Claim That Customs Failed to Follow Administrative
Procedures in Denying the §1520(d) Petition Does Not Change the
Result That the Denial Must Have Been Protested Prior to Coming to this Court.**

Plaintiffs argue that this Court has jurisdiction under 28 U.S.C. §1581(i) because Customs failed to properly administer and enforce the laws providing for revenue from imports and the administration and enforcement of the customs laws and regulations. Plaintiffs' Opposition at 16-17. Plaintiffs claim that Customs failed in this regard by improperly denying Power One's duty refund claim without meeting the requirements of 19 C.F.R. §§ 181.75 and 181.76. Id. at 16-17.

This argument would have been properly made in a §1514 protest of the denial of Plaintiffs' §1520(d) petition. It is in that proceeding that Customs' actions in denying the petition should first be scrutinized. This Court cannot now entertain that argument, because §1581(i) jurisdiction cannot attach, for the reasons set forth above.

If Plaintiffs had shown that pursuing the administrative remedies available to it, namely the §1514 protest, would have been futile, then this case might not be dismissed for failure to exhaust administrative remedies. Rhone Poulenc S.A. v. United States, 7 CIT 133, 135, 583 F.Supp. 607, 610 (1984); Ogletree v. McNamara, 449 F.2d 93, 99 (6th Cir. 1971). However, Plaintiffs made no such claim in this case. Furthermore, Customs has shown that further pursuance of administrative remedies would not have been futile in that Customs provided

Plaintiffs with several notices and opportunities to submit additional documentation to support their claim.

Plaintiffs cannot avoid exhausting their administrative remedies prior to coming to this Court. Customs' denial of the §1520(d) petition was a protestable decision. Absent a showing of the futility of pursuing administrative remedies, the decision had to be protested before this Court could exercise jurisdiction over the claim.

**D**

**The Parties Have Conceded That the Plaintiffs Failed to
State a Claim upon Which Relief Could Be Granted as to Those Entries
Which Were Entered and Liquidated Duty Free as American Goods Returned.**

The Government argues that Plaintiffs have failed to state a claim upon which relief can be granted in regard to the entries included in this case which were entered and liquidated duty free as American Goods Returned under HTSUS tariff item 9801.00.10. Plaintiffs did not oppose this point in their Opposition. At oral argument, Plaintiffs conceded that these entries, since they were duty free, were not properly at issue. Oral argument transcript at p. 24.

Therefore this portion of the Government's Motion to Dismiss is moot.

### IV

### CONCLUSION

This Court lacks subject matter jurisdiction to hear this case. No §1581(a) jurisdiction exists because the prerequisite of a protest denial has not been met. There is no jurisdiction under §1581(i) because there could have been jurisdiction under §1581(a), had the proper procedures for invoking that jurisdiction been followed.

Therefore, Defendant's Motion to Dismiss for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted is granted.

_____
Evan J. Wallach, Judge

Dated: December 14, 1999
       New York, New York