**Slip-Op. 00-52**

## UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                    :
**SSK INDUSTRIES, INC.,**           :
                                    :
     **Plaintiff,**        :
                                    :         **Court No. 97-02-00322**
     **v.**               :         **BEFORE: CARMAN, CHIEF JUDGE**
                                    :
**UNITED STATES,**                  :
                                    :
     **Defendant.**        :
_____:


     Pursuant to U.S. CIT R. 12(b)(1), defendant, United States, moves to dismiss this action for lack of subject matter jurisdiction. Plaintiff opposes defendant's motion asserting this Court has subject matter jurisdiction under 28 U.S.C. § 1581(a) (1994).

     *Held*: Defendant's motion to dismiss for lack of subject matter jurisdiction is granted.

     Date: May 10, 2000

*Law Offices of Nicholas H. Cobbs* (*Nicholas H. Cobbs*), Washington, D.C.; *Creskoff & Doram, LLP* (*Stephen M. Creskoff*), Washington, D.C., of Counsel, for plaintiff.

*David W. Ogden*, Acting Assistant Attorney General of the United States; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Bruce N. Stratvert*); *Yelena Slepak*, Office of Assistant Chief Counsel, International Trade Litigation, United States Customs Service, of Counsel, for defendant.

### OPINION

**CARMAN, CHIEF JUDGE:** Pursuant to U.S. CIT R. 12(b)(1), the defendant, United States, moves to dismiss this action for lack of subject matter jurisdiction. Plaintiff opposes defendant's motion asserting this Court has subject matter jurisdiction under 28 U.S.C. § 1581(a) (1994). This Court has jurisdiction to resolve this question under 28 U.S.C. § 1581(a).

BACKGROUND

Between July 2, 1995, and January 16, 1996, plaintiff, SSK Industries, Inc. (SSK), through UPS

Customhouse Brokerage, Inc. (UPS), imported merchandise known as the Cybernetic Parachute Release

System (Cypres).[1]  The 25 Cypres entries at issue in this matter were liquidated on February 16, 1996.[2]

SSK entered the Cypres under the duty free subheading 9014.20.80, Harmonized Tariff Schedule

of the United States (HTSUS), as "Direction finding compasses; other navigational instruments and

appliances; parts and accessories thereof . . . Instruments and appliances for aeronautical or space

navigation (other than compasses) . . . Other."  The United States Customs Service (Customs), however,

liquidated the Cypres entries under subheading 8804.00.00, HTSUS, as "Parachutes (including dirigible

parachutes) and rotochutes; parts thereof and accessories thereto," dutiable at a rate of 5.4% *ad valorem*

in 1995 and 4.8% *ad valorem* in 1996.[3]

Acting as SSK's agent,[4] UPS protested Customs' liquidation of the Cypres entries under

---

[1] The Cybernetic Parachute Release System (Cypres) "is an emergency safety device designed to open a skydiver's parachute."  (Defendant's Memorandum in Support of Its Motion to Dismiss for Lack of Jurisdiction, at 1 n.1 (Defendant's Memorandum).)

[2] Plaintiff, SSK Industries, Inc. (SSK), claims in its brief the entries were liquidated on February 19, 1996.  (*See* Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for Lack of Jurisdiction, at 2 (Plaintiff's Opposition).)  However, in its complaint, SSK alleges the Cypres entries were liquidated on February 16, 1996. (*See* Complaint, at 2, ¶ 11.)

[3] In 1996, the language and dutiable rate of subheading 8804.00.00, Harmonized Tariff Schedule of the United States (HTSUS), were amended to state, "Parachutes (including dirigible parachutes *and paragliders*) and rotochutes; parts thereof and accessories thereto" dutiable at a rate of 4.8% *ad valorem*. (*emphasis added*).

[4] The Code of Federal Regulations provides, "(a) [] Protests may be filed by: (1) The importer or consignee shown on the entry papers . . . ; or (6) Any authorized agent of any of the

subheading 8804.00.00, HTSUS, claiming the merchandise was properly classified under subheading

9014.20.80, HTSUS.  On August 26, 1996, Customs denied UPS's protest in part and on September

13, 1996, reliquidated[5] the Cypres entries under subheading 8479.89.95, HTSUS, as "Machines and

mechanical appliances having individual functions . . . Other . . . Other," dutiable at a rate of 3.5% *ad*

*valorem* in 1995 and 3.2% *ad valorem* in 1996[6].  Neither SSK nor UPS, as SSK's agent, protested the

reliquidation of the Cypres entries under subheading 8479.89.95, HTSUS.  On February 14, 1997, SSK

filed a summons in this Court contesting Customs' classification of the Cypres entries under subheading

8479.89.95, HTSUS.  In the summons, SSK cited Customs' August 26, 1996, denial of UPS's protest

challenging Customs' original classification of the Cypres entries under subheading 8804.00.00, HTSUS,

and claimed the Cypres entries were properly classified under subheading 9014.20.80, HTSUS.

CONTENTIONS OF THE PARTIES

A.      *Defendant*

Defendant, United States, argues this Court lacks subject matter jurisdiction under 28 U.S.C. §

1581(a) because SSK failed to file a protest within 90 days after the final decision by Customs, *i.e.* the

reliquidation of the Cypres entries under subheading 8479.89.95, HTSUS, pursuant to 19 U.S.C. §

1514(a) and (c) (1994); therefore, the reliquidations of the Cypres entries have become final and

---

persons described in paragraph[] (a)(1) . . . of this section, subject to the provisions of [19 C.F.R.] § 174.3  [Power of attorney]"  19 C.F.R. § 174.12 (1996).

[5] In this case, the Court notes the term "reliquidation" is used to denote the reclassification and reliquidation of the Cypres entries under subheading 8479.89.95, HTSUS, as "Machines and mechanical appliances having individual functions . . . Other . . . Other," dutiable at a rate of 3.5% *ad valorem* in 1995 and 3.2% *ad valorem* in 1996 from Customs' original classification under subheading 8804.00.00, HTSUS.

[6] In 1996, the HTSUS was amended changing the dutiable rate for entries classified under subheading 8479.89.95, HTSUS, from 3.5 % *ad valorem* to 3.2% *ad valorem*.

conclusive and not subject to judicial review. *See* 19 U.S.C. § 1514(a). Defendant supports its position

by citing *United States v. Parkhurst & Co.*, 12 Ct. Cust. Appls. 370, T.D. 40522 (1924), which held

when a reliquidation has occurred "[t]he reliquidation, not the original liquidation, is the final decision of the

collector as to the rate and amount of duty to be paid by the importer, and the time to protest begins to run

from the date of the latest liquidation." *Id.* at 373.

Defendant argues the court's holding in *Parkhurst* as interpreted in *Transflock, Inc. v. United

States*, 765 F. Supp. 750, 751 (CIT 1991) and *Mitsubishi Elecs. Am., Inc. v. United States*, 865 F.

Supp. 877 (CIT 1994) precludes the Court's jurisdiction in this matter. Contending the situation is similar

to the one at bar, defendant notes in *Transflock*, the importer protested classification of the merchandise

as entered requesting an alternative tariff classification, Customs reliquidated the entries under a third

classification, and the importer failed to protest the reliquidations; therefore, the Court lacked jurisdiction.

*Transflock*, 765 F. Supp. at 751-752. Similarly, in *Mitsubishi,* defendant argues, the Court found it

lacked jurisdiction under 28 U.S.C. § 1581(a) because the importer failed to protest Customs'

reliquidation of the entries after Customs denied the importer's protest of Customs' original liquidation.

*Mitsubishi*, 865 F. Supp. at 879-80. Defendant, citing *Mitsubishi*, contends a protest against a

reliquidation by Customs is a prerequisite to judicial review of Customs' reliquidation; therefore, without a

valid and timely protest, the Court lacks subject matter jurisdiction to review the reliquidation of entries.

Defendant maintains because SSK failed to protest the reliquidation of the Cypres entries, this

Court lacks subject matter jurisdiction to review the reliquidation of the Cypres entries.

B.      *Plaintiff*

Plaintiff, SSK, argues this Court has jurisdiction to review classification of the Cypres entries under 19 U.S.C. § 1581(a) which confers exclusive jurisdiction to this Court of any civil action commenced to contest the denial of a protest, in whole or in part. SSK contends the Court has jurisdiction by the plain language of the statute because SSK is properly contesting Customs' denial in part of its protest against Customs' original liquidation of the Cypres entries.

Additionally, SSK argues the statement from *Parkhurst* relied on by defendant in its motion to dismiss is pure dictum. Plaintiff contends the issue in *Parkhurst* was the ability of an importer to protest a reliquidation and not whether an importer was required to file such a protest in order to obtain judicial review. Accordingly, plaintiff argues the Court's holdings in *Transflock,* 765 F. Supp. 750, and *Mitsubishi,* 865 F. Supp. 877, where the Court held, based on *Parkhurst*, it did not have jurisdiction due to the importer's failure to protest a reliquidation, improperly expanded the protest requirement under 19 U.S.C. § 1514(a) as the means for judicial review.

Also, citing *Novell, Inc. v. United States*, 985 F. Supp. 121, 123 (CIT 1997), plaintiff argues *Transflock* and *Mitsubishi* do not control because *Novell* held the statutory justification for denial of jurisdiction for failure to protest a reliquidation was limited to situations in which Customs reliquidated the entries under an alternative classification offered by the importer in its protest of the original liquidation. Plaintiff contends where the relief requested by the importer in a protest is not granted and the shipment is reliquidated under a wholly different tariff heading, as in this case, the relief that the importer requested is clearly denied and jurisdiction in this Court is appropriate under 28 U.S.C. § 1581(a) because Customs' reliquidation did not alter or affect the denial of plaintiff's

protest.

SSK argues this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

§ 1581(a).[7]

DISCUSSION

When a defendant challenges the Court's jurisdiction, the plaintiff has the burden of

demonstrating that jurisdiction exists. *See Lowa, Ltd. v. United States*, 561 F. Supp. 441, 443 (CIT

1983).

Pursuant to 28 U.S.C. § 1581(a), this Court "has exclusive jurisdiction of any civil action

commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of

1930 [the Act]." Codified at 19 U.S.C. § 1515(a) (1994), section 515(a) of the Act provides, "the

appropriate customs officer, within two years from the date a protest was filed in accordance with

---

[7] The Court notes plaintiff in its Statement of Facts stated, "Neither SSK nor its broker received a notice of reliquidation" and "[p]laintiff has not seen any proof that a notice of reliquidation was posted at the customs house, or other evidence that the shipment was formally reliquidated." (Plaintiff's Opposition at 3, n.1.) The Court also notes, however, plaintiff presented no argument with respect to inadequate notice of reliquidation. Defendant, United States Customs Service (Customs), replied to plaintiff's fact assertions by pointing to the notice of reliquidation on the denial in part of SSK's protest plaintiff admitted receiving. Defendant also noted that a presumption of regularity attaches to government acts like the provision of notice. (*See* Defendant's Reply Brief in Support of Motion to Dismiss for Lack of Jurisdiction and in Opposition to Plaintiff's Response, at 3 (citing *Penrod Drilling Co. v. United States*, 727 F. Supp. 1463 (CIT 1989)).)

As argued by Customs, the Court notes "government officials are entitled to the benefit of a presumption that their duties are performed in the manner required by law" and "[i]n the absence of an affidavit or other evidence from plaintiff, the presumption that notice was posted is sufficient to negate the existence of a genuine issue of material fact." *Star Sales & Distribut. Corp. v. United States*, 663 F. Supp. 1127, 1129 (CIT 1986). Because plaintiff presented no evidence to support its claim of inadequate notice, the Court finds the government's presumption of regularity prevails and no further discussion of this issue is warranted.

section 1514 of this title, shall review that protest and shall allow or deny such protest in whole or in part." Section 1514(a) states a final decision of the Customs Service including "the liquidation or reliquidation of an entry . . . shall be final and conclusive upon all persons . . . unless a protest is filed in accordance with this section [1514(a)]." 19 U.S.C. § 1514(a) (1994). Defendant argues this Court lacks subject matter jurisdiction in this matter because plaintiff failed to file a section 1514 protest against Customs' reliquidation of the Cypres entries at issue in this case.[8] This Court agrees.

This Court repeatedly has interpreted the statute establishing subject matter jurisdiction in this Court, 28 U.S.C. § 1581(a), to require a party protest Customs' reliquidation of entries "as a prerequisite to seeking judicial review of the reliquidation." *Mitsubishi*, 865 F. Supp. at 880; *see also Novell*, 985 F. Supp. at 123; *Transflock*, 765 F. Supp. at 751. Under this Court's precedent[9], it

---

[8] Defendant, United States, filed its motion to dismiss for lack of subject matter jurisdiction pursuant to U.S. CIT 12(b)(1). In deciding such a motion, the Court considers whether the moving party challenges the sufficiency of the pleadings or the factual basis underlying the pleadings. In the first instance, the Court must accept as true all facts alleged in the non-moving party's pleadings. In the second instance, the Court accepts as true only those facts which are uncontroverted. All other facts are subject to fact finding by the Court. *See Power-One Inc. v. United States*, 83 F. Supp. 2d 1300, 1303 n.9 (CIT 1999) (citing *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993)). In this case, defendant challenges the actual existence of subject matter jurisdiction by asserting plaintiff, SSK Industries, Inc. (SSK), failed to comply with the statutory requirements for judicial review under 28 U.S.C. § 1581(a) (1994). Therefore, the Court will only accept uncontroverted factual allegations as true for purposes of this motion. *See Power One*, 83 F. Supp. 2d at 1303 n.9. The Court notes, there is no dispute between the parties that plaintiff did not file a protest with respect to Customs' reliquidation of the Cypres entries. All other facts underlying the controverted jurisdictional allegations in dispute are subject to fact-finding by this Court.

[9] The Court recognizes it is not bound by the prior precedent of the United States Court of International Trade (CIT). *See Algoma Steel Corp., Ltd. v. United States*, 865 F.2d 240, 243 (Fed. Cir. 1989) ("among trial courts [*e.g.*, CIT] it is unusual for one judge to be bound by the decision of another and , if it is to occur, such a rule should be stated somewhere. That is not done here."). "Nevertheless, absent unusual or exceptional circumstances, it would appear to be a better practice for judges of this court to follow the prior opinions of the court." *Krupp Stahl A.G. v. United States*, 15 CIT 169, 173 (1991) (citing *Fricker v. Town of Foster*, 596 F. Supp. 1353, 1356 (D.R.I. 1984)).

is well-established that a "'[r]eliquidation vacates and is substituted for the collector's original liquidation.'"
*Mitsubishi*, 865 F. Supp. at 879 (quoting *Parkhurst*, 12 Ct. Cust. App. at 373). Therefore, if a party
fails to protest a reliquidation by Customs within ninety days of the reliquidation, the reliquidation becomes
final and is not subject to judicial review by this Court. *See id.* 879-80 (citing 19 U.S.C. §§ 1514(a) and
(c)(2)(A)); *see also Transflock*, 765 F. Supp. at 751. Because this Court finds "plaintiff has not shown
this action is unusual or unique or advanced any other reason for the Court to dispense with the statutory
requirement [under 19 U.S.C. § 1514]," this Court does not have subject matter jurisdiction over the
entries at issue in this matter. *Transflock*, 765 F. Supp. at 751.

The Court finds plaintiff's arguments are without merit. First, the Court disagrees with the
plaintiff's reading and interpretation of *Parkhurst*. The Court notes nothing in *Parkhurst* or subsequent
opinions citing *Parkhurst* indicates its statement that a reliquidation vacates and substitutes an original
liquidation is dictum. Second, while the Court notes *Novell* dealt with a protest where plaintiff posited two
alternative final values and Customs granted the importer relief by accepting one of them, the Court in
*Novell* did not narrow the statutory requirement that a plaintiff protest a reliquidation in order to establish
jurisdiction under 28 U.S.C. § 1581(a). *See Novell*, 985 F. Supp. at 123. This Court disagrees with
plaintiff's interpretation of *Novell* and finds the Court in *Novell* simply dealt with the facts presented. In
fact, in an earlier decision, this Court rejected plaintiff's position that a protest of reliquidation was
unnecessary when Customs reliquidated entries under a tariff classification not asserted by the importer.
*Transflock*, 765 F. Supp. at 751-52. In *Transflock*, the Court specifically found plaintiff was required to
protest Customs' reliquidation in order to obtain judicial review even where plaintiff did not advance the

classification used by Customs in its reliquidation. This Court finds no reason here to deviate from the

precedent established in *Transflock*.


## CONCLUSION

For the reasons stated above and because the Court finds plaintiff failed to properly protest

Customs' reliquidation of the Cypres entries under 19 U.S.C. § 1514(a), this Court holds that it lacks

subject matter jurisdiction under 28 U.S.C. § 1581(a) over the entries at issue in this matter. Accordingly,

the defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to U.S. CIT R. 12(b)(1)

is granted.

_____
Gregory W. Carman
Chief Judge

Dated: May 10, 2000
         New York, New York